In re Coastal States Petroleum, Inc., et al.

[Cite as In re Coastal States Petroleum (1972), 32 Ohio St. 2d 81.]

(No. 72-403—Decided December 6, 1972.)

*Messrs. Zacks, Luper & Durst* and *Mr. Frederick M. Luper*, for appellants Coastal States Petroleum, Inc., Casa de Cascade, Inc., and Atlantic Inland Oil Corporation.

*Mr. William J. Brown*, attorney general, and *Mr. Charles S. Rawlings*, for appellee state of Ohio.

82

O'NEILL, C. J. The issue to be determined is whether the overruling of motions to quash subpoenas duces tecum awarded by court order under R. C. 1707.24 upon application of the Division of Securities is a final appealable order.

R. C. 1707.24 provides:

"In case any person fails to file any statement or report, to obey any subpoena, to give testimony, to answer questions, or to produce any books, records, or papers as required by the Division of Securities under Sections 1707.-01 to 1707.45, inclusive, of the Revised Code, the Court of Common Pleas of any county in the state, upon application made to it by the division and upon proof made to it by the division of such failure, may make an order awarding process of subpoena or subpoena duces tecum for such person to appear and testify before the division, and may order any person to give testimony and answer questions, and to produce books, records, or papers, as required by the division. * * *"

R. C. 2505.02 defines "final order" as follows:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

Appellants argue that the trial court's order overruling the motions to quash affects a "substantial right of the appellants" and is a final order because a court order awarding process of a subpoena duces tecum under R. C. 1707.24, being ancillary to an administrative proceeding, is final as it completes the court's action in the matter.

Appellants do not specify in what manner their substantial rights have been affected by the awarding of process of the subpoenas. It is to be noted, however, that R. C. 1707.23 provides for the discovery of corporate records, and that in the present posture of the administrative pro-

ceedings no administrative action has been taken by the Division of Securities relative to the merits of its investigation of appellants' activities.

In connection with the argument that the order of the trial court is appealable because it completes the court's action, appellants refer to *Cobbledick* v. *United States* (1940), 309 U. S. 323. In that case, the Supreme Court of the United States held an order of a district court denying a motion to quash a subpoena duces tecum requiring a witness to appear before a grand jury not to be a final decision and affirmed the judgment of the Circuit Court of Appeals dismissing the appeal.

In the course of the opinion in *Cobbledick*, Justice Frankfurter, as pointed out by appellants here, stated, at pages 329, 330:

"One class of cases dealing with the duty of witnesses to testify presents differentiating circumstances. These cases have arisen under Section 12 of the Interstate Commerce Act, whereby a proceeding may be brought in the district court to compel testimony from persons who have refused to make disclosures before the Interstate Commerce Commission. In these cases the orders of the district court directing the witness to answer have been held final and reviewable. *Interstate Commerce Comm'n* v. *Brimson*, 154 U. S. 447; *Harriman* v. *Interstate Commerce Comm'n*, 211 U. S. 407; *Ellis* v. *Interstate Commerce Comm'n*, 237 U. S. 434. Such cases were duly considered in the *Alexander* case, and deemed to rest 'on statutory provisions which do not apply to the proceedings at bar, and, while there may be resemblances to the latter, there are also differences.' 201 U. S. at 121. The differences were thought controlling. Appeal from an order under Section 12 was again here in the *Ellis* case, *supra*, fully argued in the briefs, and again differentiated from a situation like that in the *Alexander* case. 'No doubt' was felt that an appeal lay from the district court's direction to testify. 'It is the end of a proceeding begun against the witness'—was the pithy expression for this type of case.

237 U. S. at 442. And it is a sufficient justification for treating these controversies differently from those arising out of court proceedings unrelated to any administrative agency. The doctrine of finality is a phase of the distribution of authority within the judicial hierarchy. But a proceeding like that under Section 12 of the Interstate Commerce Act may be deemed self-contained, so far as the judiciary is concerned—as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience. After the court has ordered a recusant witness to testify before the commission, there remains nothing for it to do. Not only is this true with respect to the particular witness whose testimony is sought; there is not, as in the case of a grand jury or trial, any further judicial inquiry which would be halted were the offending witness permitted to appeal. The proceeding before the district court is not ancillary to any judicial proceeding. So far as the court is concerned, it is complete in itself."

In contrast to the foregoing, the Supreme Court in *United States* v. *Morton Salt Co.* (1950), 338 U. S. 632, 642, referring to the investigatory power of an administrative agency, stated:

"* * * It is * * * analogous to the grand jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion, that the law is being violated, or even just because it wants assurance that it is not."

It is apparent in any event that the subpoenas duces tecum were sought by appellee here for purposes of discovery. In *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, 234 N. E. 2d 587, it was held that a discovery order of a trial court is not subject to immediate appellate review.

The underlying rationale for making only final orders appealable was well expressed by Justice Frankfurter in *Cobbledick, supra* (309 U. S. 323, 325), wherein he stated that purpose is to forbid "* * * piecemeal disposition on

appeal of what for practical purposes is a single contro-versy * * *. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause. * * *''

We are persuaded by the reasoning of *United States* v. *Morton Salt Co., supra* (338 U. S. 632), that the investigatory power at issue here is analogous to that of a grand jury. We conclude, therefore, that the trial court's order is not appealable, even though the trial court's order completes the matter in that court for the time being; further proceedings may or may not result from the investigation by appellee. In the event the Division of Securities takes further action against appellants, they can adequately protect their rights at that time, and, if necessary, appeal such action, including therein the question sought to be appealed in the Court of Appeals, namely, whether ''The Common Pleas Court erred in determining that the affidavit filed by plaintiff-appellee contained sufficient allegations to justify the exercise of the investigative powers of the Ohio Division of Securities.''

For the reasons expressed above, we hold that the overruling of motions to quash subpoenas duces tecum awarded by court order under R. C. 1707.24 upon application of the Division of Securities is not a final appealable order.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.