BORDEN, INC., APPELLANT, *v.*
THE STATE OF OHIO, ATTORNEY GENERAL, APPELLEE. ■
[Cite as Borden v. State (1979), 65 Ohio App. 2d 1.]

(No. 79AP-144—Decided June 7, 1979.)

*Mr. Edward A. Matto* and *Mr. Edwin L. Hubert,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Richard M. Firestone, Mr. Eugene F. McShane* and *Mr. Ralph E. Breitfeller,* for appellee.

STRAUSBAUGH, P. J.   This case is before us on a motion to dismiss, filed by the state of Ohio, based on the alleged interlocutory nature of the order from which this appeal is taken.

On September 14, 1978, the Ohio Attorney General issued five Civil Investigative Demands (hereinafter "CID's") to Borden, Inc., pursuant to R. C. 1331.16. This section empowers the Ohio Attorney General to obtain documentary material, answers to written interrogatories, and to take testimony with regard to suspected violations of R. C. Chapter 1331 (Antitrust), prior to the filing of any complaint alleging an antitrust violation. R. C. 1331.16(B) provides:

"Whenever the attorney general has reasonable cause to believe that any person, as defined in section 1331.01 of the Revised Code, may be in possession, custody, or control of any documentary material, or may have knowledge of any fact relevant to any investigation conducted to determine if any person is or has been engaged in a violation of this chapter, the attorney general or his designated representative may issue in writing, and cause to be served upon any person or the representative or agent of the person, an investigative demand requiring the person to produce the documentary material for inspection and copying or reproduction, to answer under oath and in writing written interrogatories, or to appear and testify under oath before the attorney general or his duly authorized representative, or requiring the person to do any combination of the three demands."

If a person who has been served with a CID refuses the demand, R. C. 1331.16(H) and (J) permit the Attorney General's office to file a request with a Court of Common Pleas for an order compelling that person to provide the information. Likewise, the person served with a CID may file a request for an order of the Court of Common Pleas modifying or setting aside the demand, pursuant to R. C. 1331.16(I). In the instant case, Borden, Inc., filed a motion to vacate and set aside the CID's pursuant to R. C. 1331.16(I) with the Court of Common Pleas of Franklin County on October 3, 1978. After a hearing on October 31, 1978, the court overruled Borden's objections to the CID's and ordered Borden to make available the documents requested and to present its employees for oral examination. It is from this order of February 8, 1979, that the instant appeal is taken.

The state refers to *In re Coastal States Petroleum* (1972), 32 Ohio St. 2d 81, for the proposition that "discovery" orders such as the order herein, are not final appealable orders under

R. C. 2505.02. In *Coastal,* the Supreme Court was asked to determine whether an order for a subpoena *duces tecum* under R. C. 1707.24 was a final appealable order. R. C. 1707.24 provides:

"In case any person fails to file any statement or report, to obey any subpoena, to give testimony, to answer questions, or to produce any books, records, or papers as required by the division of securities under sections 1707.01 to 1707.45, inclusive, of the Revised Code, the court of common pleas of any county in the state, upon application made to it by the division and upon proof made to it by the division of such failure, may make an order awarding process of subpoena or subpoena duces tecum for such person to appear and testify before the division, and may order any person to give testimony and answer questions, and to produce books, records, or papers, as required by the division. * * *"

The Supreme Court noted that this procedure, by which the Division of Securities obtained information, was not predicated on the division's regulatory powers, but was a special investigative procedure to gather information to help determine if further action was necessary. The Supreme Court in *Coastal, supra,* at pages 82 to 83, stated:

"Appellants do not specify in what manner their substantial rights have been affected by the awarding of process of the subpoenas. It is to be noted, however, that R. C. 1707.23 provides for the discovery of corporate records, and that in the present posture of the administrative proceedings *no administrative action has been taken by the Division of Securities relative to the merits of its investigation of appellants' activities.*" (Emphasis added.)

Despite the fact that the court proceedings at trial completely terminated the action in *Coastal,* and no other proceedings of any kind were pending against the appellants, the Supreme Court likened the powers granted in R. C. 1707.23 to discovery proceedings or to the investigatory power of a grand jury. The Supreme Court in *Coastal, supra,* at page 85, concluded by saying:

"* * * We conclude, therefore, that the trial court's order is not appealable, even though the trial court's order completes the matter in that court for the time being; further proceedings may or may not result from the investigation by ap-

4

pellee. In the event the Division of Securities takes further action against appellants, they can adequately protect their rights at that time, and, if necessary, appeal such action***."

Borden attempts to distinguish the *Coastal* case on two grounds: (1) the *Coastal* subpoena involved only one part of broader disclosure proceedings authorized by R. C. 1707.23, as opposed to the self-contained judicial proceeding provided in R. C. 1331.16, and (2) the fact that unlike the Division of Securities, the Attorney General has no power, under R. C. 1331.16, to undertake administrative proceedings to enforce the Ohio Antitrust laws. We do not find *Coastal* to be distinguishable. The Supreme Court in *Coastal* recognized that the court proceedings under R. C. 1707.23 were self-contained judicial proceedings which were terminated once a decision on the demand was made. As to the second ground, it is true that the Attorney General is not an administrative agency, but we fail to see how this distinction affects the legal principles involved. The investigative powers granted to both the Division of Securities and the Attorney General, along with the power to compel compliance through judicial proceedings, appear to be so similar that we are bound by the Supreme Court's prior determination in *Coastal.*

Borden has cited us federal cases involving appeals from proceedings very similar to the Ohio provisions, such as the federal CID procedure, National Labor Relations Act subpoenas, and discovery under Fed. R. Civ. P. 27, in which the orders were considered final and appealable. If in fact this is the majority rule for such proceedings today, it is the Ohio Supreme Court which must modify the Ohio law as set forth in *Coastal, supra.* Accordingly, the motion to dismiss Borden's appeal for want of a final appealable order is sustained.

*Appeal dismissed.*

WHITESIDE and McCORMAC, JJ., concur.