NELSON, APPELLANT, *v.* TOLEDO OXYGEN & EQUIPMENT
COMPANY, INC., APPELLEE, ET AL.

HUDDY ET AL., APPELLANTS, *v.* TOLEDO OXYGEN
& EQUIP. COMPANY, INC., APPELLEE, ET AL.

[Cite as *Nelson v. Toledo Oxygen & Equip.
Co.* (1992), 63 Ohio St.3d 385.]

(Nos. 90–2182 and 90–2184—Submitted October
23, 1991—Decided April 15, 1992.)

*Fuller & Henry, Martin J. Witherell* and *Daniel T. Ellis,* for appellants.

*Manahan, Pietrykowski, Bamman & Delaney* and *Stephen F. Ahern,* for appellee Toledo Oxygen & Equipment Co.

MOYER, C.J. Upon review, we conclude that an order compelling the discovery of alleged work-product materials is not a final appealable order under R.C. 2505.02.

Appellant Nelson contends that such an order is appealable under R.C. 2505.02 because it "affects a substantial right made in a special proceeding." We agree that the qualified work-product exemption set forth in Civ.R. 26(B)(3) constitutes a "substantial right." Civ.R. 26(B)(3) generally provides that trial-preparation materials are exempt from discovery unless "good cause" is shown for their production. The justification for this exemption was set forth in *Hickman v. Taylor* (1947), 329 U.S. 495, 511, 67 S.Ct. 385, 393–394, 91 L.Ed. 451, 462:

"Proper preparation of a client's case demands that [an attorney] * * * assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. * * * This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways— aptly though roughly termed by the Circuit Court of Appeals in this case as the 'Work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served."

Clearly, substantial interests underlie the qualified exemption from discovery that is given to work-product materials in Civ.R. 26(B)(3).

We must next determine whether an order compelling the discovery of alleged work-product materials is "made in a special proceeding." In *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 258, 21 O.O.3d 158, 161, 423 N.E.2d 452, 456, this court ruled that the determination of "whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." We find that the balance in this case weighs in favor of review after final judgment and thus that the order in question was not made in a special proceeding.

As this court stated in *Klein v. Bendix–Westinghouse Co.* (1968), 13 Ohio St.2d 85, 87, 42 O.O.2d 283, 284, 234 N.E.2d 587, 589, "[d]iscovery orders have long been recognized as interlocutory" and thus not subject to immediate appeal. The reasons for this rule are evident. They include:

"[A]n appellant's ultimate right of review upon an appeal from a final judgment in the action; the elimination of unnecessary appeals, since the complaining party may win the case or settle it; the absence of irreparable harm from the vast majority of orders requiring production of documents; the potential for harassment of litigants by nuisance appeals, and the fact that any appeal tends to delay or deter trial or settlement of a lawsuit; the burden on the reviewing court's docket from appeals of housekeeping matters in the [trial] * * * courts; and the slim chance for reversal of all but the most unusual discovery orders." *American Express Warehousing, Ltd. v. Transamerica Ins. Co.* (C.A.2, 1967), 380 F.2d 277, 280 (order compelling alleged work-product disclosure not immediately appealable). See, also, *In re Coastal States Petroleum* (1972), 32 Ohio St.2d 81, 84–85, 61 O.O.2d 333, 335, 290 N.E.2d 844, 847, quoting *Cobbledick v. United States* (1940), 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783, 785.

Since interlocutory appeals of discovery orders interfere with the prompt and orderly disposition of litigation, they are allowed only with much reluctance. See *Amato, supra*, 67 Ohio St.2d at 257–258, 21 O.O.3d at 161, 423 N.E.2d at 455. "[T]he need for prompt and orderly disposal of litigation * * * [is] paramount within the context of most civil action proceedings." *State, ex rel. Celebrezze, v. K & S Circuits, Inc.* (1983), 6 Ohio St.3d 354, 356, 6 OBR 408, 410, 453 N.E.2d 653, 654.

Against this presumption of nonappealability, Nelson contends that only an immediate appeal would preserve the work-product exemption. He first contends that an appeal after final judgment is not practicable because "[t]here is no way to place Nelson in his former position if an appellate court later determines [after disclosure] that Toledo Oxygen is not entitled to the letters."

In this argument, appellant is questioning the ability of an appellate court after final judgment to remedy an erroneous work-product disclosure. We believe, however, that he takes too narrow a view of an appellate court's ability to fashion appropriate relief. We conceive of no circumstance, and appellant points to none, in which an appellate court could not fashion an appropriate remand order that would provide substantial relief from the erroneous disclosure of work-product materials. For example, if the physicians' reports in this case implicitly or explicitly reveal appellant's trial strategies, then it seems a new trial would substantially remedy the error. A

new trial would place appellant in substantially the same position as Toledo Oxygen. Before a new trial, each party will have learned of the opposing party's trial strategies, the only difference being that appellant learned those strategies in an initial trial rather than in discovery. We believe an appellate court after final judgment can fashion appropriate relief that substantially remedies the harm of disclosure of work-product materials.

In this regard, we distinguish appellant's work-product claim from claims of physician-patient and informant confidentiality, upon which immediate appeals were based in *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, and *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865. Because the work-product exemption protects materials that are peculiarly related to litigation, any harm that might result from the disclosure of those materials will likewise be related to litigation. An appellate court review of such litigation will necessarily be able to provide relief from the erroneous disclosure of work-product materials.

In contrast, the privileges at issue in *Humphry* and *Port Clinton* implicated underlying privacy or law enforcement interests that extended beyond any particular litigation. While an appellate court could provide some relief after final judgment from the disclosure of such privileged information, such relief could not adequately undo the extrajudicial harm done to those interests by disclosure. Because *Humphry* and *Port Clinton* can be distinguished, we have no reason in this case to reassess the validity of their holdings that certain discovery orders can be immediately appealed pursuant to R.C. 2505.-02. Compare *State v. Crago* (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353, certiorari denied (1991), 499 U.S. ——, 111 S.Ct. 1399, 113 L.Ed.2d 454, overruling *State v. Thomas* (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, paragraph one of the syllabus.

During oral argument, appellant also contended that an immediate appeal should be allowed because the prejudice resulting from the disclosure of work-product materials is too intangible to be provable in an appeal after final judgment. We find this second argument unpersuasive as well. Although appellant assumes that a specific showing of prejudice is required regarding an erroneous work-product disclosure, we have not yet addressed the necessity of showing prejudice in this context. We need not decide in this case whether such a showing is necessary. The difficulties of proof in some cases notwithstanding, we believe such difficulties should not alter the ordinary rule that discovery orders are not immediately appealable.

While some work-product claimants may face difficulties in an appeal after final judgment, such difficulties are mainly a result of the General Assembly's

paramount desire to avoid piecemeal appeals, not only because of the delay such appeals cause, but also because trial judges can better exercise their control over litigation without the intervention of frequent interlocutory appeals. We conclude that the possible need of some work-product claimants for immediate review is outweighed by the harm that would be caused by needlessly delaying the resolution of those work-product cases that do not require immediate review. An order compelling the production of alleged work-product materials is not "made in a special proceeding."

In conclusion, we hold that a discovery order compelling the production of documents or tangible things and overruling a claim that the materials discovered are exempt as work product under Civ.R. 26(B)(3) is not a final appealable order pursuant to R.C. 2505.02. Accordingly, the court of appeals correctly dismissed the appeal in No. 90–2182.

*Judgment affirmed*
*in case No. 90–2182.*

*Appeal dismissed*
*in case No. 90–2184.*

SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in the syllabus and judgment.

DOUGLAS, J., concurring in syllabus and judgment. I concur in the syllabus and judgment of the majority. I write separately to once again protest the use of the "balancing test," as set forth in *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, to determine whether an order is made in a "special proceeding." The continued use of this "test" by a majority of this court brings about the necessity of multifarious appeals such as we again witness in the two cases now before us. The test is malleable, non-definitive and subjective in nature. How are lawyers to know, *in futuro*, what a court of appeals or this court might find to be a "special proceeding"?

Today, a majority of at least four of us have found " * * * that the balance in this case weighs in favor of review after final judgment and thus that the order in question is not made in a special proceeding." But what if the appellant had not appealed and later, when an appeal was taken assigning error on the discovery question, a court of appeals and/or a majority of this court found that the balancing test was applicable and that the order *was* one that affected a substantial right and *was* made in a special proceeding and, therefore, appellant's appeal had to be dismissed as untimely filed? That would not only be devastating but could also lead to a claim of malpractice—a

chance lawyers today just cannot take. Thus, we and the court of appeals have a multitude of appeals that would not otherwise have to be filed.

To end this confusion and to give definitive guidance to the bench and bar, we should make clear that a "special proceeding" " * * * is an action not recognized at common law or part of our standard civil practice. It is one that has been brought about by specific legislation which creates a special type of action. Examples would be forcible entry and detainer, declaratory judgment, appropriation or * * * arbitration. The term has nothing to do * * * with the test, set forth * * * from *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. The need for immediate review, waste of judicial resources or orderly disposition of litigation does not make a proceeding 'special.' Rather, in determining what is a 'special proceeding,' we should consider the litany set forth in Civ.R. 1(C), and especially consider subsection (7) of that rule." *Stewart v. Midwestern Indemn. Co.* (1989), 45 Ohio St.3d 124, 128, 543 N.E.2d 1200, 1204 (Douglas, J., dissenting).

SWEENEY, J., concurs in the foregoing opinion.