BELL, ADMR., APPELLEE, *v.* MT. SINAI MEDICAL CENTER ET AL.; JACKSON ET AL., APPELLANTS.

[Cite as *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60.]

(No. 92–559—Submitted April 20, 1993—Decided August 11, 1993.)

62

*Charles Kampinski Co., L.P.A.,* and *Charles Kampinski,* for appellee.

*Porter, Wright, Morris & Arthur, Richard Markus, Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Robert C. Maynard* and *Robert C. Seibel,* for appellants.

A. WILLIAM SWEENEY, J.   The present controversy concerns the nature of the determination made by the trial court below directing appellants to submit the materials requested in discovery to an *in camera* inspection.   Appellants contend that the decision of the trial court was a final appealable order subject to appellate court review pursuant to Section 3(B)(2), Article IV of the Ohio Constitution.   A "final appealable order" is defined in R.C. 2505.02 as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, *an order that affects a substantial right made in a special proceeding* or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial *is a final order that may be reviewed,* affirmed, modified, or reversed, with or without retrial."   (Emphasis added.)

Appellants correctly observe that an action for prejudgment interest pursuant to R.C. 1343.03(C) constitutes a special proceeding inasmuch as the right to obtain such relief is purely statutory in nature and was unavailable at common law. See *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213; *Gen. Acc. Ins. Co. v. Ins. Co. of N.Am.* (1989), 44 Ohio St.3d 17, 22, 540 N.E.2d 266, 271–272; *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 357, 2 O.O.2d 257, 259, 142 N.E.2d 660, 663. Moreover, protection of attorney-client confidences and, particularly, attorney work product involves a substantial right. See *Nelson v. Toledo Oxygen & Equip. Co.* (1992), 63 Ohio St.3d 385, 387, 588 N.E.2d 789, 790.

The crucial question in the instant case concerns whether the decision of the trial court in this special proceeding *affects* a substantial right. An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. See, generally, *Union Camp Corp. v. Whitman* (1978), 54 Ohio St.2d 159, 162, 8 O.O.3d 155, 157, 375 N.E.2d 417, 419–420; *State v. Collins* (1970), 24 Ohio St.2d 107, 110, 53 O.O.2d 302, 303–304, 265 N.E.2d 261, 263; *Morris v. Invest. Life Ins. Co.* (1966), 6 Ohio St.2d 185, 189, 35 O.O.2d 304, 306, 217 N.E.2d 202, 206; *In re Estate of Wyckoff, supra,* 166 Ohio St. at 359, 2 O.O.2d at 260, 142 N.E.2d at 664.

Appellants argue that the action of the trial court directing them to submit for an *in camera* inspection materials which they contend are privileged constitutes an "order that affects a substantial right." To prevail in this contention, appellants must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future. In support of their view that discovery determinations involving privileged materials constitute orders that affect a substantial right, appellants rely on the decisions of this court in *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, and *State v. Port Clinton Fisheries, Inc.* (1984), 12 Ohio St.3d 114, 12 OBR 157, 465 N.E.2d 865. However, both of these cases are clearly distinguishable from the instant matter. *Humphry* involved a trial court order directing a party to disclose confidential medical records of nonparties to its adversary. Likewise, *Port Clinton Fisheries* involved a trial court order compelling the state to disclose the identity of a confidential government informant. In each case, the order being appealed required the disclosure of allegedly privileged information to an opposing party. In contrast, the order at issue herein merely requires the submission of the subpoenaed documents to the trial court for an *in camera* inspection to determine whether they should be disclosed to the opposing party. This is precisely the mechanism available to determine whether a claim of privilege in a discovery dispute is justified. In this regard, paragraph two of the syllabus in *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 25 OBR 207, 495 N.E.2d 918, provides:

"If the defense asserts the attorney-client privilege with regard to the contents of the 'claims file,' the trial court shall determine by *in camera* inspection which portions of the file, if any, are so privileged. The plaintiff then shall be granted access to the non-privileged portions of the file."

In the present case, it would only be after this *in camera* review and a trial court order compelling disclosure that the substantial rights of appellants would be implicated. If the trial court determines that all of the requested information is privileged, any issues which may have been the subject of an appeal would be rendered moot. Conversely, if some documents are determined to be subject to disclosure, an appeal on narrowed issues would be available pursuant to *Humphry* and *Port Clinton Fisheries*.[1] Such an appeal need not await "final judgment" in the prejudgment interest proceeding but merely the final determination of the rights of appellants with respect to the allegedly privileged materials.[2]

---

1. The instant controversy presents circumstances not unlike those in *In re Coastal States Petroleum, Inc.* (1972), 32 Ohio St.2d 81, 61 O.O.2d 333, 290 N.E.2d 844. In *Coastal States* a unanimous court concluded that the refusal of the trial court to quash an investigatory subpoena issued by the Ohio Department of Commerce, Division of Securities, was not a final appealable order because relief could be afforded if an investigation ultimately ensued as a result of the administrative action. See, also, *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm. of Ohio* (1946), 146 Ohio St. 228, 232, 32 O.O. 206, 207, 65 N.E.2d 68, 69.

2. We are not unmindful of the holding of this court in *Nelson v. Toledo Oxygen & Equip. Co.* (1992), 63 Ohio St.3d 385, 588 N.E.2d 789, that an order to compel the production of documents alleged to involve attorney work product was not subject to immediate appeal pursuant to R.C. 2505.02. *Nelson* is distinguishable from the case *sub judice*, however. First, the holding in *Nelson* concerned a discovery order allegedly affecting "a substantial right in an action which in effect determines the action and prevents a judgment * * *." *Nelson* therefore addressed the nature of such determinations in the context of the first clause of R.C. 2505.02. Determination of the action and prevention of a judgment are a condition precedent to finding that an action of a trial court is a final appealable order under this provision. See *Roemisch v. Mut. of Omaha Ins. Co.* (1974), 39 Ohio St.2d 119, 122, 68 O.O.2d 80, 81–82, 314 N.E.2d 386, 388; *State v. Collins* (1970), 24 Ohio St.2d 107, 110, 53 O.O.2d 302, 304, 265 N.E.2d 261, 263. In contrast, the discovery orders at issue in *Humphry* and *Port Clinton Fisheries, supra*, were deemed to be immediately appealable because the majority in each case, applying the test in *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, concluded that they arose in the context of a special proceeding. Such orders were therefore governed by the succeeding clause of R.C. 2505.02, which lacks the conditional language employed with respect to common-law civil actions.

Second, *Nelson* involved a claim of privilege asserted by a party to the underlying action. In *Humphry* the interests at issue were the privacy rights of hospital patients, not parties to the action, arising from the physician-patient privilege. *Port Clinton Fisheries* involved the identity of a confidential informant. In the latter two cases, therefore, the rights of the persons involved would be irreparably harmed irrespective of whether the party opposing disclosure would ultimately prevail on the legal issue. See *Nelson, supra*, 63 Ohio St.3d at 389, 588 N.E.2d at 792.

Finally, under the facts presented in *Nelson*, the majority concluded that no irreparable harm would result from delaying the appeal of the discovery order until after final judgment. *Id.* at 388–389, 588 N.E.2d at 791–792. Obviously, this determination of irreparable harm (*i.e.*, whether an order *affects* a substantial right) depends on the facts and circumstances of an individual case. See

Appellants further contend, however, that as nonparties they would lack standing to appeal a decision ordering the release of privileged materials. This argument is erroneous for two principal reasons. First, while their clients, the individual physicians, are no longer parties to the action by virtue of a jury verdict in their favor, the substantial rights at stake in the protection of attorney-client communications would confer standing upon appellants in the prejudgment interest proceeding. This stake in the proceeding would appear to provide sufficient basis for a motion to intervene in that proceeding pursuant to Civ.R. 24. See *Women's Fed. Savings Bank v. Pappadakes* (1988), 38 Ohio St.3d 143, 148–149, 527 N.E.2d 792, 796–797 (A.W. Sweeney, J., dissenting); *Morris v. Invest. Life Ins. Co., supra*, 6 Ohio St.2d at 189, 35 O.O.2d at 306, 217 N.E.2d at 206. Second, absent intervention, it certainly is reasonable to expect the interests of appellants to be adequately protected by the party opposing disclosure (*i.e.*, Mt. Sinai Medical Center). This was precisely the situation presented in *Humphry, supra.*

We therefore conclude that the action of a trial court directing a witness opposing a discovery request to submit the requested materials to an *in camera* review so that the court may determine their discoverable nature is not a final appealable order pursuant to R.C. 2505.02.

The judgment of the court of appeals is therefore affirmed and the cause is remanded to the trial court for further proceedings.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

---

*Morris v. Invest. Life Ins. Co., supra*, 6 Ohio St.2d at 187–188, 35 O.O.2d at 305, 217 N.E.2d at 205; *State v. Collins, supra*, 24 Ohio St.2d at 109–110, 53 O.O.2d at 303, 265 N.E.2d at 263.