OPINION
{¶ 1} Defendant-appellant, David Fallang, appeals a decision of the Butler County Court of Common Pleas, dismissing his motion to clarify for lack of service on plaintiff-appellee, Carole Fallang.
 {¶ 2} The parties divorced in 1991. Multiple appeals and post-decree motions ensued. The present appeal stems from this court's 1997 decision remanding the matter to the trial court. The trial court held a hearing on the remand and rendered a decision on February 8, 1999. However, the decision was journalized under the wrong case number (two digits of the case number were transposed) and appellant alleges that he never received notice that the decision had been rendered. The decision fails to indicate that it is a final, appealable order.
 {¶ 3} In August 2000, well after the time for appeal had passed, appellant filed a motion to clarify the record, in which he requested that the trial court journalize an appealable decision on the earlier remand. The motion was served on the attorney who had represented appellee in prior proceedings, but not on appellee personally.
 {¶ 4} At a hearing on the motion, the trial court determined that appellant had not properly served appellee with the motion. In an entry filed December 13, 2002, captioned as a final appealable order, the trial court dismissed appellant's motion for lack of service. Appellant appeals and assigns as error the trial court's dismissal of the motion.
 {¶ 5} Although much of appellant's argument relates to the trial court's decision on remand and prior history of the case, the only issue properly raised in this appeal relates to the trial court's dismissal of the motion to clarify. In response, appellee counters that the trial court's dismissal of the motion is not a final appealable order.
 {¶ 6} Under Section 3(B), Article IV of the Ohio Constitution, this court has jurisdiction to hear appeals from judgments or "final orders." As relevant to the present case, R.C. 2505.02 defines "final orders" as (1) "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or (2) "an order that affects a substantial right made in a special proceeding[.]" In this case, the order from which appellant attempted to appeal did not determine the action because it did not adjudicate the issue raised in appellant's motion.
 {¶ 7} Nor did the dismissal of the motion affect a substantial right in a special proceeding. To qualify as a special proceeding, the action must be one that was not recognized at common law or in equity and the purported special proceeding must statutorily specify the "step-by-step procedures to be utilized." Polikoff v. Adam (1993),67 Ohio St.3d 100. Divorce proceedings and ancillary claims are such "special statutory proceedings." See State ex rel. Papp v. James,69 Ohio St.3d 373, 379, 1994-Ohio-86. Consequently, an order entered in such a proceeding that affects a substantial right, would qualify as a final appealable order under R.C. 2505.02. However, in this case, the order dismissing appellant's motion to clarify did not affect a substantial right.
 {¶ 8} An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, modified by Moskovitz v. Mt. Sinai Med. Ctr.,69 Ohio St.3d 638, 1994-Ohio-324. Appellant has not been denied the ability to obtain effective relief by the motion's dismissal. The issues raised in his motion are not time sensitive. In order to have his motion heard and decided, he must simply re-file the motion and ensure that appellee is properly served.
 {¶ 9} The order from which appellant has attempted to appeal is not final and appealable. Consequently, we dismiss the appeal.
Appeal dismissed.
POWELL and GRADY, JJ., concur.
Grady, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.