OPINION
{¶ 1} Appellant, Samantha Austin, appeals from the April 18, 2005 judgment of the Court of Common Pleas, Juvenile Division, Seneca County, Ohio. She asserts that the trial court erred in ordering the Seneca County Department of Jobs and Family Services ("DJFS") to proceed in finalizing her adoption, and asks this court to remand the case for an evidentiary hearing to determine whether adoption would be in her best interests. We find that the order appealed from is not a final appealable order, and therefore we dismiss the instant appeal as prematurely filed.
 {¶ 2} The relevant procedural history of this case is as follows. On July 26, 2002 DJFS filed a motion for temporary custody of Samantha, then age 14, and her step-sister, Amanda Paschen. Temporary custody was granted to DJFS by the trial court on September 16, 2002, and Samantha was placed in foster care. On November 20, 2003 DJFS filed a motion seeking permanent custody of the girls. Thereafter, the girls' mother, Wanda Smith, agreed to voluntarily surrender her parental rights.[1]
Initially, the trial court did not accept her surrender, finding that it was not made voluntarily, knowingly, and intelligently. However, DJFS subsequently renewed its motion to approve of Smith's voluntary surrender, and the trial court accepted the surrender and terminated Smith's parental rights in its September 3, 2004 judgment entry.
 {¶ 3} An Amended Case Plan was filed with the trial court and adopted on September 3, 2004. Under the case plan, Samantha was to remain with her foster family. However, pursuant to the trial court's previous judgment entries, the case plan specified that DJFS "must continue to search for an adoptive placement."
 {¶ 4} Samantha's guardian ad litem subsequently filed an objection to the case plan and a motion for an ex parte order prohibiting DJFS from proceeding with adoption procedures until the court ruled on the objection. The guardian's sole argument was that adoption was not in Samantha's best interests, and that Planned Permanent Living was a dispositional alternative. The court granted the motion and set a hearing on the guardian's objection to the case plan. The court also ordered the parties to submit briefs on the issue.
 {¶ 5} After reviewing the briefs and hearing arguments, the trial court ruled that adoption was the only dispositional alternative for a minor child when permanent custody is granted to a local Department of Jobs and Family Services after a parent voluntarily surrenders the child. Accordingly, the trial court overruled the objection and ordered DFJS to proceed with adoption procedures. Samantha now appeals, asserting a sole assignment of error:
The trial court erred to the prejudice of the appellant when it heldthat adoption is the only dispositional alternative available followingthe voluntary surrender of a child into the permanent custody of theDepartment of Jobs and Family Services.
 {¶ 6} Samantha's entire argument comes down to one assertion: when a parent voluntarily surrenders a child to DJFS the trial court should be free to consider the minor's best interests before ordering DJFS to seek an adoptive placement.
 {¶ 7} Pursuant to R.C. 2505.02(B), a final order is one that either:
(1) * * * affects a substantial legal right in an action that in effectdetermines the action and prevents a judgment;
 (2) * * * affects a substantial legal right made in a specialproceeding or upon a summary application in an action after judgment;
 (3) * * * vacates or sets aside a judgment or grants a new trial; [or]
 (4) * * * grants or denies a provisional remedy.
R.C. 2505.02(B)(3)(4) are not applicable to the instant appeal, and therefore to be a final appealable order the trial court's order must have affected a "substantial legal right."
 {¶ 8} A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." RC.2505.02(A)(1). We have found no case law, statute, or rule of procedure that recognizes a minor's right not to be adopted after her parents have voluntarily surrendered her to the custody of the state. Rather, the statutory framework surrounding voluntary surrenders explicitly recognizes the potential for adoption. See R.C. 5103.15(B) and (C).
 {¶ 9} Moreover, even if we were to find that such a right did exist, the trial court's order in this case has not affected Samantha's rights. "An order which affects a substantial right has been perceived to be one, which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184 (citations omitted). Thus, Samantha must demonstrate that the trial court's order will deny her any effective future relief if it is not reviewable. Id.
 {¶ 10} It is clear in the instant case that Samantha will not be precluded from seeking effective relief in the future in the absence of immediate review, and therefore she cannot assert that the trial court order affects a substantial legal right. First, there is no indication in the record that any adoption procedures have begun in this case. There has not been a petition for adoption filed nor any indication that a potential adoptive placement has been found. Until a petition is filed, the possibility of adoption is a mere expectancy and has no effect on her rights. See In re Fell, 5th Dist. No. 2004-CA-39, 2005-Ohio-2415, at ¶ 18. Samantha will have ample opportunity to protest her adoption once a petition for adoption is filed.
 {¶ 11} Second, the relief Samantha seeks — a trial court review of her best interests — will certainly be provided at a later point in her case. Samantha's sole rationale for this appeal is that the juvenile court should be able to consider her best interests when making its determination of whether she should be placed in the adoption system. However, a determination of whether adoption is in her best interests will be made by the probate court during adoption proceedings. "[T]he goal of adoption statutes is to protect the best interests of children."In re Adoption of Zschach (1996), 75 Ohio St.3d 648, 651, 665 N.E.2d 1070. Indeed, a petition for Samantha's adoption may not be approved without her consent because she is more than twelve years old, unless the probate court finds that adoption without her consent is in her best interests. R.C. 3107.06(F).
 {¶ 12} Ultimately, the question Samantha wishes the juvenile court to address is beyond its purview in these proceedings. "At a permanent custody proceeding the only determination to be made is whether parental rights should be terminated." In re Thompson (April 18, 1995), 10th Dist. Nos. 94APF08-1144, 94APF08-1145, unreported (citing In re Schmidt
(1986), 25 Ohio St.3d 331). Samantha's asserted interest in not being adopted is an interest to be protected in the probate court, during adoption proceedings. The juvenile court's only role in the instant case was to determine if granting permanent custody to DJFS was in her best interests; once her mother agreed to voluntarily surrender her rights the court's role was to determine whether that surrender was in Samantha's best interests. At that point, the role of the juvenile court ceased.
 {¶ 13} Accordingly, the denial of Samantha's objection to the case plan is not a final appealable order since it did not affect her substantial legal rights. For this reason, the assignment of error is dismissed as being premature.
Appeal Dismissed.
 Cupp, P.J., and Bryant, J., concur.
[1] The record indicates that Samantha's father is deceased.