OPINION
{¶ 1} Plaintiff-appellee, Ford Motor Credit Company ("FMCC") initiated this action with a complaint in the Franklin County Municipal Court based upon breaches of automobile leases by various individual and corporate defendants, including appellant James M. Ryan and appellant Ryan Ryan, Inc. Appellants filed a counterclaim and amended counterclaim asserting claims for conversion of personal property, assault, trespass, and breach of the peace, all arising out of the conduct of FMCC's agents at the time of repossession. After the matter was then transferred to the Franklin County Court *Page 2 
of Common Pleas, FMCC filed a motion for an order granting it leave to sell the repossessed vehicles to prevent further loss of collateral security due to ongoing depreciation in value. Appellants opposed the motion and asserted that the vehicles were wrongfully repossessed.
 {¶ 2} The trial court granted FMCC's motion for an order permitting sale of the collateral vehicles, and appellants James M. Ryan and Ryan Ryan, Inc. brought the present appeal. Appellants have not moved for a stay of the order either in the trial court or before this court, nor have they have posted a supersedeas bond. FMCC has attempted to supplement the appellate record beyond what was transmitted from the trial court by submitting affidavits and documentary evidence to demonstrate that the vehicles in question have been sold and the appeal should be considered moot. The matter is now before us on the merits of the appeal and upon FMCC's motions to supplement the record, dismiss the appeal as moot, and dismiss the appeal for lack of a final appealable order.
 {¶ 3} Appellants bring the following assignments of error:
 [1.] The Trial Court erred because it did not provide an opportunity to be heard to necessary parties who were either parties to the Action or should have been made parties to the Action. The Trial Court's Judgment is Void Abinitio.
 [2.] The Trial Court Erred by Entering the November 15, 2006 Judgment because the repossessions by Ford Motor Credit Corporation and Its Agents did not meet the requirements of section 1309.609 ORC.
 [3.] The Trial Court erred by entering its November 15, 2006 Judgment because the multiple events of "breach of the peace" by Ford Motor Credit and their Agent eliminated any statutory authority Ford Motor Credit or their Agent may have had under the color of state law to enter onto the private property of James, Carolyn, Thomas Ryan and Ryan Ryan *Page 3 
Real Estate Co. This entry onto private property and removal of vehicles was therefore an illegal act.
 [4.] The Trial Court erred by entering the November 15, 2006 Judgment because the sale of the collateral is contrary to law as the titles and ownership to the vehicles remain in the name of Ryan Ryan Real Estate Co. and Carolyn P. Ryan due to the conversion of the vehicles by Ford Motor Credit Co. and their vexatious trespassing onto Ryan properties.
 [5.] The Trial Court erred by granting FMCC's Motion for an order granting it leave to sell collateral on November 15, 2006 because there was no evidence before the Court to support its Judgment of November 15, 2006.
 {¶ 4} FMCC has filed two motions to dismiss this appeal, one on the basis that the appeal is moot and the other on the basis that the trial court order appealed from is not a final appealable order. The motion to dismiss the appeal as moot is denied because it relies on evidence outside the trial court record to establish that the vehicles at issue have been sold pursuant to the trial court's order. The motion to dismiss the appeal for lack of a final appealable order is granted for the following reasons.
 {¶ 5} Our appellate jurisdiction is limited to appeals from final orders. As it applies to this action, R.C. 2505.02 states in pertinent part:
(A) As used in this section:
 * * *
 (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: *Page 4 
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 * * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 6} In addition, in a case involving multiple parties and claims, an order that adjudicates "fewer than all the claims or the rights and liabilities of fewer than all the parties" is not a final order unless the trial court expressly notes in its order that there is no just reason for delay. Civ.R. 54(B); Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 354.
 {¶ 7} The present case indisputably involves multiple claims and parties, the order appealed from does not resolve all claims as to all parties, and the trial court has not included Civ.R. 54(B) language in its order. While the absence of such Civ.R.54(B) language may not be fatal to an appeal from an order that is final in its own right, the remedy granted by the trial court order in the present case does not lend itself to a finding of a final order, whether it is considered as granting a provisional remedy or taking place in a special proceeding.
 {¶ 8} An order is said to affect a substantial right if it is one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr (1993), 67 Ohio St.3d 60, 63. An order granting a provisional remedy is not *Page 5 
appealable unless it in effect determines the action and prevents a judgment in favor of the appealing party. In the present case, nothing in the trial court's disposition of the motion to dispose of collateral remedy can be said to "in effect determine the action" with respect to the parties' claims. Appellants' claims for conversion, trespass, and assault may be litigated in absence of possession by FMCC of the disputed vehicles, and if appellants prevail, the prior disposition of the vehicles does not impair an award of the monetary damages sought in their counterclaim.
 {¶ 9} In summary, FMCC's motion to dismiss the appeal for lack of a final appealable order is granted. FMCC's motions to supplement the record and dismiss the appeal as moot are denied. We do not reach the merits of the appeal raised in appellants' five assignments of error.
Appeal dismissed.
 SADLER, P.J., and FRENCH, J., concur. *Page 1