[Cite as *Kapenda v. Parker*, 2019-Ohio-1736.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Maria Kapenda, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-771 |
| v. | : | (C.P.C. No. 17JU-15171) |
| Kenneth L. Parker, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 7, 2019

**On brief:** *Kyle B. Keener*, for Franklin County Child Support Enforcement Agency.

**On brief:** *Kenneth L. Parker*, pro se. **Argued:** *Kenneth L. Parker*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM

{¶ 1}   Defendant-appellant, Kenneth L. Parker,[1] appeals the September 26, 2018 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which dismissed appellant's objection to a magistrate's decision on child support and contempt.  For the following reasons, we affirm the trial court.

**I.  FACTS AND PROCEDURAL HISTORY**

{¶ 2}   Appellant has one biological child with plaintiff-appellee, Maria Kapenda. On June 9, 2017, following an administrative hearing, an administrative hearing officer

---

[1] We note that in his brief, appellant states his name as "Kaisan-Pamir: Bey" and either "Ex-Relatione" or "Agent to the Principal" Kenneth Lanier Parker.  (Appellant's Brief at 1, 5.)

issued an order, pursuant to R.C. 3111.80 and 3111.81, for the payment of child support. On December 15, 2017, the Franklin County Child Support Enforcement Agency ("FCCSEA") filed a complaint to enforce the administrative child support order and to find appellant in contempt for non-compliance with the administrative order for child support.

{¶ 3} A hearing on the complaint was held before a magistrate on April 9, 2018. On April 23, 2018, the magistrate issued a decision adopting the administrative child support order, finding appellant in contempt and finding a child support arrearage in the amount of $6,138.12 as of March 31, 2018. The magistrate sentenced appellant to 30 days in jail and suspended the sentence on the condition that appellant purge the contempt by liquidating the child support arrearage by paying an additional amount per month. The magistrate further ordered appellant to seek employment and register with "OhioMeansJobs" as a FCCSEA customer. (Apr. 23, 2017 Mag.'s Decision at 4.) The magistrate's decision was adopted by the trial court judge the same day.

{¶ 4} On May 2, 2018, appellant filed an "Objection to Magistrate's Decision" in which appellant states he objects based on:

> Exhibit (A) Kenneth Lanier Parker™©®, The agent to KENNETH LANIER PARKER has put in several different affidavits, pertaining to the FRANKLIN COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, no one has replied to my affidavits such as the writ of discovery, the writ in the nature of discovery, the Affidavit Of Default Judgment
>
> Exhibit (B) Ten Commercial Maxim Of Law, A legal maxim is an established principle or proposition of law in western civilization, and a species of aphorism and general maxim,
>
> The fourth (4th) maxim in law says Truth is expressed through means of an affidavit (Lev. 5:4-5; Lev. 6:3-5 19:11-13; Num. 30:2; Matt.
>
> The fifth (5th) maxim of law says, An unrebutted affidavit stands as truth in commerce
>
> Exhibit (C) An injunction was given to prosecutor Kyle Keener, the injunction expressed why Kenneth Lanier Parkers™©® private estate could not be at fault for the alleged owing of a debt, also the injunction expressed that the Ohio Constitution quotes No man shall be imprisoned for a debt, and for some reason the threats of kidnapping was still brought to Kaisan

Pamir Bays attention during the hearing, at this point Kyle Keener received the injunction, but he did not read the injunction. After Kyle Keener received the injunction, He also received the Executor letter proving that the KENNETH LANIER PARKER™©® ESTATE office has been occupied, and that any further business could not be done on this estate with-out consent from the estates executor,

Exhibit (D) A copy of a copyright notice was also given to Kyle Keener, this notice expressed that the Name KENNETH LANIER PARKER™©® and any derivations of the name has been copyrighted, trademarked, and registered

During the hearing the Defendant Kaisan Pamir Bey, Agent for Ex Rel. KENNETH LANIER PARKER asked Magistrate Lyle Is this a Title 4 D court, The prosecutor Kyle Keener answered yes for the magistrate, yes this is a Title 4 D court, the next question to Kyle Keener is this a Title 4 D case, he said yes, the next question to Kyle keener was this a Title 4 D hearing that we were in at the moment, he answered yes, the next question was to Kyle keener, Do you work for a collection agency and he said yes, the next statement was Kyle Keener your collection agency collects via Title 4 D for Title 4 A which is the Federal Loans For State And Welfare Program, He said said yes and stuttered somewhat, so the next question for Kyle Kenner was do you have the contract that expressed a specific amount of money that my private estate agreed to pay to the csea, if so than the people who hold jurisdiction in this matter would be TANF (Temporary Assistance for Needy Families). However as this contract was not produced at the time of the hearing, than we have no case, and TANF or Title 4 A Federal Loans For State And Welfare Program has no jurisdiction, Kaisan Pamir Bey demands to see the written instrument with the wet blue ink signature stating that my private estate is liable to pay this debt, and once again if this contract does not exist than the FRANKLIN COUNTY CSEA cannot move forward and do business on the KENNETH LANIER PARKER™©® ESTATE. Also if there were any waiver signed on 12/15/2017 Kaisan Pamir Bey requests to see that signed instrument with the wet blue ink autograph of KENNETH LANIER PARKER, if this does not exist, someone will be held liable for forgery, fraud, and perjury and there will be no impunity towards the trespassers doing business on the KLP Estate, also as stated during the hearing if you'll continue to move forward with this case you'll will be in violation of the U.S. Codes title 18 the Rico act, with acts of terrorism on the KENNETH LANIER PARKER™©® ESTATE, with threats of extortion Of 500.00-

700.00 odd dollars a month to the FRANKLIN COUNTY CSEA, and threats of kidnap with the threats of jail for a unpaid debt, which is violation of the Ohio Constitution that quotes no man shall be imprisoned for a debt, because that turns a civil matter to a criminal matter without an injured party.

(Sic passim.)  (Appellant's Obj. to Mag.'s Decision at 1-3.)

{¶ 5}  The trial court set a hearing on the objection for September 26, 2018.  On that day, the trial court filed a decision and entry dismissing appellant's objection for appellant's "failure * * * to prosecute the case" due to his failure to appear at the hearing.  (Sept. 26, 2018 Entry at 1.)

## II.  ASSIGNMENT OF ERROR

{¶ 6}  Appellant assigns the following as trial court error:

The trial court erred and abused its discretion in dismissing appellant's action disregarding O.R.C. 1331.16 Investigative demand for discovery.

## III.  LEGAL ANALYSIS

### A.  Appellant's Assignment of Error

{¶ 7}  In his assignment of error, appellant contends the trial court erred and abused its discretion in dismissing his "action" by disregarding the investigative demand for discovery pursuant to R.C. 1331.16. (Appellant's Brief at 3.)

{¶ 8}  As a preliminary issue, we note appellant truncates his assignment of error in the argument section of his brief.  However, his argument still proceeds to refer to "means of compelling the production of evidence" and ultimately calls for reversal "pursuant to [R.C.] 1331.16 Investigative demand for discovery."  (Appellant's Brief at 10, 20.)  While appellant designates, as an "issue[] presented," the trial court's granting of an oral motion to dismiss, appellant makes no further argument and provides no legal authority relevant to the issue.  (Appellant's Brief at 4.)

{¶ 9}  "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b) (stating "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule[] on assignments of error only, and will not address mere arguments"); *State v. Smith*, 9th Dist. No. 15AP0001n, 2017-

Ohio-359,¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf). Because in his assignment of error appellant challenged only the trial court's dismissal of his case without regard to the investigative demand for discovery pursuant to R.C. 1331.16, we will consider that question alone.

{¶ 10} R.C. 1331.16 generally gives the attorney general the ability to issue an investigative demand to any person the attorney general has reasonable cause to believe is "in possession, custody, or control of any documentary material or may have knowledge of any fact that is relevant to any investigation conducted to determine if any person is or has been engaged in a violation of [R.C. Chapter 1331]." R.C. 1331.16(B). R.C. Chapter 1331 specifically pertains to monopoly and antitrust violations. *See generally* R.C. Chapter 1331; *Borden, Inc. v. State*, 65 Ohio App.2d 1, 2 (10th Dist.1979) ("This section empowers the Ohio Attorney General to obtain documentary material, answers to written interrogatories, and to take testimony with regard to suspected violations of R.C. Chapter 1331 (Antitrust), prior to the filing of any complaint alleging an antitrust violation."); *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, ¶ 12.

{¶ 11} In this case, appellant discusses his appearance at the hearing before the trial court magistrate on April 9, 2018, and argues that his submittal of unrebutted affidavits "stand[] as truth in commerce." (Appellant's Brief at 11.) Appellant contends appellee failed to present "alleged signed contracts" subjecting appellant to the "jurisdiction, rules, statutes, and state codes of the [FCCSEA]" and that appellee "signed [appellant] up with the FCCSEA" without authority and committed fraud. (Appellant's Brief at 13, 14, 15.) Appellant further asserts that appellee and the magistrate "denationalized" him by "not acknowledging him to be who he and his documentation says he is" and that he was discriminated against because of his religion. (Appellant's Brief at 18.) Appellant asserts his constitutional rights were violated regarding imprisonment for debt and the suspension of his driver's license. Appellant argues he was not able to travel freely as a "free national man, free of bondage to a federal corporation he is not apart of instead he was treated as if he was under the control of unconstitutional law." (Appellant's Brief at 19.) Appellant additionally contends he could not support his family because FCCSEA removed his barber license in addition to the driver's license and extorted him in violation of federal racketeering and extortion laws.

{¶ 12} However, appellant has not addressed why the attorney general's ability to make an investigative demand for discovery under R.C. 1331.16 in the antitrust setting applies and demands reversal in this case. Appellant likewise does not address or provide legal authority specific to the hearing on his objection or the trial court's subsequent dismissal of his objection. Considering all the above and addressing the error assigned, we conclude appellant has not met his burden in affirmatively demonstrating error on appeal. *State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("An appellant must support their assignments of error with an argument, which includes citation to legal authority."), citing App.R. 16(A)(7) and 12(A)(2); *Smith*, 2017-Ohio-359, at ¶ 22 (noting that it is not the duty of an appellate court to create an argument on an appellant's behalf).

{¶ 13} Accordingly, we overrule appellant's assignment of error.

## IV. CONCLUSION

{¶ 14} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

KLATT, P.J., SADLER, J., and DORRIAN, J., concur.

_____