JOURNAL ENTRY AND OPINION
Defendant-appellant, Germelina C. O'Brien, appeals the decision of the Cuyahoga County Common Pleas Court, Domestic Relations Division, which granted, in part, the motion for immediate return of the parties' minor child, Michael O'Brien, filed by plaintiff-appellee, Vincent J. O'Brien. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.
A review of the record reveals that the parties divorced on September 19, 1996. They are the parents of three children, of which this appeal only concerns Michael, whose date of birth is June 14, 1984.[1] The agreed judgment entry executed by the parties and approved by the trial court designated defendant-appellant, Germelina O'Brien, (Germelina), as the primary residential parent of Michael and it was agreed that Vincent O'Brien, (Vincent), shall have the right to companionship * * * at least three times each week * * * as well as on holidays and other days of special meaning.
In August 1999, Germelina and Michael moved to the Chicago area. The record does not reveal that a notice of intent to relocate as required under R.C. 3109.051(G) was ever filed. Vincent thereafter filed three motions; to wit: (1) Motion for Order for Immediate Return of Minor Child to Jurisdiction of Court; (2) Motion to Modify the Allocation of Parental Rights and Responsibilities; and (3) Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt for Interference with Plaintiff's Visitation. While a separate hearing was originally scheduled on the show cause motion, it appears from the record that all three motions were eventually scheduled to be heard together on February 29, 2000 before a magistrate of the court. A guardian ad litem was appointed for Michael and the parties agreed to submit themselves and Michael to a custody evaluation by Karen Bardenstein, Ph.D. Vincent contemporaneously voluntarily dismissed his motion to show cause. The record does not reflect that any briefs opposing the remaining motions were ever filed.
In his Motion for Order for Immediate Return of Minor Child to Jurisdiction of Court, Vincent complained that Germelina failed to file a notice of intent to relocate and thus denied Vincent an opportunity to be heard on whether such a move was in Michael's best interests. As such, he requested Michael's immediate return to Cuyahoga County. A hearing apparently was held on February 29, 2000, but there is no transcript of this hearing nor an entry as such on the docket sheet. The trial court, nonetheless, references that a hearing was held on this date in its entry journalized March 7, 2000. The entry further states, in relevant part:
 * * * Plaintiff's Motion for Immediate Return of Minor Child * * * is hereby GRANTED IN PART.
 Defendant Germelina C. O'Brien is ordered to immediately return the minor child Michael A. O'Brien to the Plaintiff Vincent J. O'Brien commencing Friday March 10, 2000 at 5:00 p.m. until Sunday March 12, 2000 at 5:00 p.m. and continuing on alternating weekends thereafter until further order of Court. Plaintiff, at his discretion, may choose to exercise any of these visits with Michael in Chicago; * * * In addition, Plaintiff shall return the minor child for his Spring/Easter vacation (from Friday April 14, 2000 until Saturday April 22, 2000)[.]
 * * * Defendant shall return Michael to Westlake, Ohio no later than one week after the conclusion of the 1999-2000 academic year; Plaintiff shall then have companionship with Michael during the first six (6) weeks of summer following Michael's return.
Germelina thereafter appealed, assigning two errors for our review. Succinctly, she challenges the granting of the above-referenced motion on the basis that she was not afforded an opportunity to defend or present evidence on this motion and that she was denied an opportunity to review, as required by local rule, the order she claims was prepared by Vincent's counsel.
We need not reach the merits of this appeal, however. Article IV, Section 3(B)(2) of the Ohio Constitution limits this court's appellate jurisdiction to the review of final orders. Absent a final order, this court is without jurisdiction to affirm, reverse, or modify an order from which an appeal is taken. General Acc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17, 20.
R.C. 2505.02, as relevant to this case, defines a final order as "an order that affects a substantial right made in a special proceeding * * *. Divorce proceedings or actions related thereto, having been unknown at common law, are special statutory proceedings. State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379. An order affects a substantial right if a party is foreclosed from appropriate relief in the future if an appeal were not immediately allowed. Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, modified on other grounds by Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, paragraph four of the syllabus.
In this case, despite the trial court's language that it was partially granting Vincent's motion seeking the immediate return of Michael to Cuyahoga County because Germelina failed to file a notice to relocate as required by statute, the order journalized by the court is nothing more than an interim visitation order. The order directs the dates and times that Vincent is to exercise his companionship rights with Michael and the logistics of arranging transportation to and from Chicago.
At the time the trial court issued this order, a motion to modify parental rights and responsibilities remained pending. The disposition of this motion would affect Vincent's companionship rights and would alter the interim schedule implemented by the court's order. Since Germelina is not foreclosed from appropriate relief in the future, there is no substantial right affected so as to make this order final and immediately reviewable. See, e.g., Varney v. Varney (Oct. 23, 1997), Cuyahoga App. Nos. 70709 and 70710, unreported (Interim visitation order that is subject to review by the trial court in the course of further related proceedings is interlocutory in nature and not immediately appealable); see, also, In re Burton (Aug. 20, 1999), Greene County App. Nos. 98CA76 and 98CA143, unreported at 8 (Father was not denied a remedy on issue of visitation when the court has yet to determine custody issue); Kassouf v. Pantona (Apr. 2, 1992), Cuyahoga App. No. 60146, unreported at 4-5 (Trial court's ruling was interlocutory and non-final since there remained an outstanding motion to modify custody).
Consequently, the order appealed from is not final and this court is without jurisdiction to address the merits of this appeal.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant his costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court, Domestic Relations Division, directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and MICHAEL J. CORRIGAN, J., CONCUR.
[1] Neither Vincent O'Brien II and Sean O'Brien were minors at the time the motion at issue was filed. Both children, however, were killed in an automobile accident in August 1999.