DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. Appellant, the biological father of Brianna D., a minor, has appealed from an order of the trial court which finds that finalization of the adoption of Brianna by her step-father is in her best interest. The probate court did not, however, finalize the adoption, but referred the case to the clerk "for scheduling of finalization." Thus, the adoption proceeding is not yet completed and no final order of adoption pursuant to R.C. 3107.14(C) has been entered. Civ.R. 73(H) requires that the probate court use the Standard Probate Forms specified in the Sup. R. 51, specifically Standard Probate Form 18.6 or 18.7, for finalizing adoptions. There is no such entry in the record of this case. Thus, this court must raise the issue of whether it has jurisdiction to hear this appeal before the adoption is finalized.
 {¶ 2} Courts of appeals only have jurisdiction to hear appeals from "final orders." Section 3(B)(2), Article IV of the Ohio Constitution. R.C. 2505.02 governs what is a final order and states:
 {¶ 3} "2505.02 Final order.
 {¶ 4} "(A) As used in this section:
 {¶ 5} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 6} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 7} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 8} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 15} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 16} If the order finding it in the best interest of Brianna that her adoption be finalized, but not actually finalizing the adoption, is a "final order" pursuant to R.C.2505.02, it could only be so pursuant to sub-section (B)(2), the "affects a substantial right made in a special proceeding" provision of that statute. The Supreme Court of Ohio has held that adoption proceedings are "special proceedings" as defined in R.C. 2505.02(A)(2). See In re Adoption of Greer (1994),70 Ohio St.3d 293, 297, where the court states:
 {¶ 17} "Indeed, `the provisions authorizing adoptions are purely statutory.' Lemley v. Kaiser (1983), 6 Ohio St.3d 258,260, 6 OBR 324, 326-327, 452 N.E.2d 1304, 1307. As noted in Inre Adoption of Hupp, supra, 9 Ohio App.3d at 128, 9 OBR at 193,458 N.E.2d at 880, fn. 1: `Adoptions are special statutory proceedings, which have no counterpart at common law. In reAdoption of Biddle (1958), 168 Ohio St. 209 [6 O.O.2d 4,152 N.E.2d 105].'"
 {¶ 18} Given that adoption proceedings are "special proceedings," we must etermine whether the order finding it in the best interest of Brianna to be adopted affects a substantial right. In Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St. 3d 60, 63, 616 N.E.2d 181, modified on other grounds in Moskovitzv. Mt. Sinai Medical Ctr. (1994), 69 Ohio St. 3d 638, the Supreme Court of Ohio held that even if the order was issued in a "special proceeding" and that order involves a "substantial right," it is not immediately appealable unless the orderaffects the substantial right. The court then holds that a substantial right is affected if "in the absence of immediate review of the order effective relief will be foreclosed." This rule is often articulated as follows:
 {¶ 19} "A substantial right is not affected by an order, so as to be appealable, merely because an order has the immediate effect of restricting or limiting that right. * * *. A substantial right is affected only where there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that presumably prejudiced a legally protected right. * * *. An order that affects a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future.
• * *." Mazurek v. Hoover (Feb. 28, 2001), 4th Dist. No. 00 CA 50. (Citations omitted.).
 {¶ 20} We find that Brianna's biological father has a substantial right not to have his daughter adopted by her stepfather. We further find that having to wait to appeal until after the adoption is finalized will not foreclose appellant's chance of obtaining appropriate relief from this court.
 {¶ 21} We find that the order from which this appeal is taken is not final and appealable. Therefore, the court dismisses this appeal at appellant's costs. See App.R. 24.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., concur.