**In re DEVLIN.**

[Cite as *In re Devlin* (1992), 78 Ohio App.3d 543.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP—1054.

Decided March 5, 1992.

*Gary W. Deeds,* for appellee.

*Thomas Schmidt,* for appellant.

STRAUSBAUGH, Judge.

This is an attempted appeal by appellant from an order of the trial court adopting and approving the report of the referee who recommended that the

court find Michelle Devlin to be an "unruly minor" as defined by R.C. 2151.022(A); that Michelle Devlin has a legal residence in Muskingum County, which has jurisdiction over her pursuant to Juv.R. 12(B); that the court transfer this matter to the Muskingum County Juvenile Court for disposition; and that the court terminate the temporary order of temporary custody to Franklin County Children Services and issue a temporary order of custody to the father of Michelle Devlin on her behalf.

Appellant Deborah K. Roberts was granted legal custody of the minor child, Michelle Devlin, born January 8, 1976, pursuant to a decree of divorce dated February 14, 1980, in the Muskingum County Court of Common Pleas, Division of Domestic Relations. Michelle was truant from Indianola Middle School in Columbus, Ohio, from May 24, 1991 through the remaining school year. Appellant, whose residence is in Columbus, Ohio, was notified by the Columbus Police Department that Michelle was at her father's home in Zanesville, Ohio, and that the father refused to return Michelle to appellant's residence. The record reveals that the child, Michelle, has admitted in court to the charge of unruliness.

Appellant sets forth the following two assignments of error:

"1. Appellant states that the trial court erred when it determined that appellee's (the minor child, Michelle Devlin), legal residence was located in Muskingum County and not in Franklin County, which resulted in the court's subsequent transfer of the matter to Muskingum County for disposition.

"2. The trial court erred in granting temporary custody pending disposition to the father, when the mother (appellant) had custody pursuant to a decree of divorce, without a finding of the custodial parent's unsuitability."

We cannot address the merits of the assignments of error because we do not have jurisdiction over this case. Pursuant to R.C. 2501.02, a court of appeals has jurisdiction of judgments or final orders of courts of record inferior to the court of appeals within the district. R.C. 2505.02 defines "final order" in pertinent part as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * *."

The first assignment of error concerns the trial court's order transferring jurisdiction to the Muskingum County Court of Common Pleas. The Muskingum County Court of Common Pleas has not accepted or rejected the case and, therefore, no transfer of jurisdiction has occurred yet and it is not a final order. The second assignment of error concerns a temporary custody order. Orders of an interlocutory or temporary nature do not constitute final orders.

Because we find no final appealable order, we dismiss this case for lack of jurisdiction.

*Appeal dismissed.*

PETREE and TYACK, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.