BROOKS, n.k.a. Lee, Appellant,

v.

BROOKS, Appellee.

[Cite as *Brooks v. Brooks* (1996), 117 Ohio App.3d 19.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 96APF05-693 and 96APF05-746.

Decided Dec. 24, 1996.

*Mary Beth Kelleher Fisher*;  and *Andrea R. Yagoda*, for appellee.

*Swope & Swope* and *Richard F. Swope*, for appellant.

*Sowald, Sowald & Clouse* and *Gerard J. Clouse*, guardian *ad litem*.

LAZARUS, Judge.

In this consolidated appeal, plaintiff-appellant, Juliana H.J. Brooks (now Lee), appeals from an April 29, 1996 emergency order of the Franklin County Court of Common Pleas, Division of Domestic Relations, temporarily designating defendant-appellee, Michael L. Brooks, as residential parent. Additionally, appellant appeals from a judgment of the same court overruling appellant's objections to the referee's May 3, 1995 and June 5, 1995 reports. For the reasons that follow, we dismiss the appeal regarding the emergency order (case No. 96APF05–693) for lack of a final appealable order, and we affirm the decision of the trial court in overruling the objections (case No. 96APF05–746).

Appellant has set forth the following five assignments of error:

"1. The trial court erred and abused its discretion in issuing an ex parte order changing custody where no emergency existed and where procedural and legal safeguards were ignored.

"2. The trial court erred and abused its discretion when the court failed to find the defendant-appellee guilty of contempt for failing to pay a medical bill.

"3. The trial court erred and abused its discretion when the court failed to find the defendant-appellee guilty of contempt for taking the children at times other than specified in the visitation order.

"4. The trial court erred and abused its discretion in failing to award attorney fees to plaintiff-appellant.

"5. The trial court erred and abused its discretion when it failed to compute arrearage on temporary orders and in ruling that the doctrine of merger barred recovery."

The present appeal arises in part from an earlier appeal before this court. The parties were divorced on June 28, 1990, after several years of litigation. In *Brooks v. Brooks* (Dec. 14, 1995), Franklin App. No. 95APF03–381, unreported, 1995 WL 739880, this court reversed an order of the trial court modifying custody and designating appellee as residential parent and remanded the case for further proceedings. Our decision was based upon the failure of the trial court to make specific findings on two of the factors enunciated in R.C. 3109.04.

We directed the trial court on remand to consider certain factors, to examine and weigh the evidence, to determine what is in the best interests of the children, and to determine whether the harm caused by a change of custody is outweighed by the advantages of such a change. *Id.* at 24, 37–41. Appellee filed a notice of appeal to the Supreme Court, which declined jurisdiction on April 24, 1996. *Brooks v. Brooks* (1996), 75 Ohio St.3d 1452, 663 N.E.2d 332.

On April 29, 1996, appellee filed a motion seeking an emergency order designating him as residential parent. The trial court granted the motion, temporarily designating appellee as residential parent and awarding appellant visitation pursuant to the report of the referee, which was the subject of the earlier appeal. Appellant filed a notice of appeal (case No. 96APF05–693). On May 10, 1996, the trial court overruled appellant's objections to the referee's May 3, 1995 and June 5, 1995 reports, in which the referee denied appellant's motions for contempt. Appellant filed another notice of appeal (case No. 96APF05–746). On June 24, 1996, this court consolidated the two appeals.

In her first assignment of error, appellant contends that it was error and an abuse of discretion for the trial court to designate appellee as residential parent because there was no emergency, no hearing, no affidavit, and no adequate time to respond. We do not reach these issues because this court is without jurisdiction to entertain the appeal. By its own terms, the order designating appellee as residential parent was temporary. A temporary order is interlocutory in nature. Because such orders are subject to modification by the trial court, interlocutory orders are not immediately appealable.

22

This court addressed a similar case in *Nicewicz v. Nicewicz* (Feb. 9, 1995), Franklin App. No. 94APF06–956, unreported, 1995 WL 54369. That case involved an appeal of an order of the trial court granting temporary custody until a final hearing on a motion to modify custody could be held. We noted that the order was interlocutory in nature and consequently not *immediately* appealable. However, the order was reviewable after the trial court modified the final entry of divorce by making the appellee the residential parent and legal custodian of the minor child.

In another case from this court, *In re Devlin* (1992), 78 Ohio App.3d 543, 605 N.E.2d 467, the mother had been granted legal custody of the minor child pursuant to a decree of divorce. The child was truant from school and located at her father's residence in another county. The trial court granted temporary custody to the father pending disposition of the matter in the other county. The mother appealed the granting of temporary custody to the father, and this court held that with respect to the temporary custody order: "Orders of an interlocutory or temporary nature do not constitute final orders." *Id.* at 544, 605 N.E.2d at 468. Accord *Haines v. Shiever* (June 8, 1995), Cuyahoga App. No. 66739, unreported, 1995 WL 348430; *Morrison v. Morrison* (1973), 45 Ohio App.2d 299, 74 O.O.2d 441, 344 N.E.2d 144. See, also, *Spence v. Spence* (1981), 2 Ohio App.3d 280, 2 OBR 310, 441 N.E.2d 822, (holding that an interlocutory order respecting custody made pursuant to Civ.R. 75[M] is interlocutory).

The instant case is distinguishable from cases concerning the grant of temporary custody to public children services agencies. In *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus, the Supreme Court of Ohio held that an adjudication by a juvenile court that a child is neglected or dependent followed by a disposition awarding temporary custody to a public children services agency constitutes a final order and is appealable to the court of appeals. Within that opinion, the court acknowledged a distinction between neglect or dependency proceedings followed by an award of temporary custody to a public children services agency and custody disputes between parents. *Id.* at 155, 159–160, 556 N.E.2d at 1170, 1173–1174, fn. 2 (distinguishing *Morrison, supra*). Because we have before us a temporary custody order, this court is without jurisdiction to proceed, and the appeal in case No. 96APF05–693 must necessarily be dismissed.

■ In her second and third assignments of error, appellant claims the trial court abused its discretion in contempt proceedings. Assignment of error four relates to attorney fees associated with the contempt actions. Because the matters are related, we address these assignments together. Assignment of error two involves the nonpayment of a $193 medical bill incurred when one of the children was hit by a baseball. The parties' decree stated in pertinent part:

"Each party shall pay, indemnify and save the other party harmless upon one-half (½) of all medical; dental; and optical expenses which are not satisfied by the parties' medical insurance coverage. Plaintiff shall provide Defendant with such information as can be submitted to Defendant's insurance carrier, if his insurance covers the children. Defendant shall pay Plaintiff any uncovered medical; dental and/or optical expenses submitted to him within fourteen (14) days of his receipt of the proof of uncovered medical; dental and/or optical expenses."

The referee found that appellant had paid the bill in full and that appellee had not made any payment toward the bill. The parties disagreed as to whether the information given to appellee was sufficient proof of uncovered medical expenses under the terms of the divorce decree. Appellant testified that she submitted the bill to appellee along with a brochure explaining that her insurance did not cover emergency room visits. Appellee testified that he needed an "explanation of benefits" form from her insurer showing what portion of the bill was paid and what claims were denied in order to submit the bill for payment to his insurance carrier. The trial court in denying the motion found that appellant had not established that she had provided appellee with such information as could be submitted to appellee's insurance carrier, as was specifically required by the decree.

Assignment of error three involves an incident on March 24, 1994, when appellant had to go to the hospital at 11:00 p.m. due to the onset of preterm labor. The children, who were age eleven at the time, were left at appellant's home without an adult present. The boys telephoned appellee, who picked them up and took them to his house. It was undisputed that the evening of the incident was not one of appellee's scheduled visitation nights. While at appellant's house, appellee telephoned the hospital and spoke to appellant's husband. The parties sharply disagreed as to the contents of this telephone conversation. Sometime later that evening, appellant's husband picked the boys up at appellee's residence.

Appellant filed a motion for contempt, contending that appellee's actions in picking up the boys were in direct violation of the custody order. The trial court found that appellant had established a *prima facie* case of civil contempt but that appellee had shown a legitimate excuse for the contempt, given the children's age and maturity level, their concern in calling appellee, and the uncertainty as to how long appellant would be hospitalized.

Appellant argues that in a case such as this, where the parties have demonstrated a complete inability to treat each other with civility, the trial court abuses its discretion when it ignores minor problems which then become major problems. The solution, according to appellant, is for the trial court to hold the parties to the letter of the agreement when violations are brought to its attention.

We do not believe that the trial court acted in an arbitrary, capricious, or unreasonable manner or, in other words, abused its discretion in not finding appellee in contempt. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. The trial court was in the best position to make credibility determinations and to weigh the evidence. Trial courts must have some flexibility to decide what is in the best interests of the children. Emergency situations can and do arise in which it may not be in the best interest of the children to hold the parties to the letter of their agreement. Whether this incident was such a case was for the trial court to determine, and we will not reverse such a determination absent an abuse of discretion. Upon our own independent review of the record of the contempt proceedings, we do not find an abuse of discretion as to either allegation of contempt.

Given our determination of the second and third assignments of error, the fourth assignment of error, concerning the failure to award attorney fees, is moot, and the second and third assignments of error are not well taken.

■ In her fifth assignment of error, appellant claims that the trial court erred when it failed to compute arrearage on temporary orders on the ground that the doctrine of merger barred recovery. Appellant asserts that the doctrine of merger contravenes the sound public policy that all child support should be paid.

Appellant's motion before the trial court requested that appellee be found in arrears for child support that allegedly accrued prior to the final decree of divorce. The trial court held that the doctrine of merger precluded appellant from pursuing payment of temporary order arrearages which were not preserved in the final decree of divorce. We agree.

■ Child support arrearages not incorporated into the final decree are waived and the temporary orders are merged into the final decree. In *Colom v. Colom* (1979), 58 Ohio St.2d 245, 12 O.O.3d 242, 389 N.E.2d 856, paragraph one of the syllabus, the Supreme Court of Ohio held:

"In a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree."

The fifth assignment of error is not well taken.

Based on the foregoing, the appeal in case No. 96APF05–693 must be dismissed, and appellant's second, third, and fifth assignments of error are overruled. Appellant's fourth assignment of error is moot. In case No. 96APF05–

746, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Case No. 96APF05–693 dismissed;*
*judgment affirmed in*
*case No. 96APF05–746.*

BOWMAN and TYACK, JJ., concur.