OPINION
Appellant Monica Peaks appeals a decision of the Jefferson County Juvenile Court which denied her motion for relief from a magistrate's judgment. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE
Appellant is the mother of Mershawna and Alicia who are minors. The father of these children is appellee Thires Pickett. Paternity was established in the juvenile court in March 1997 when appellee so acknowledged. After this point, the procedural history becomes convoluted, containing seemingly competing judgment entries and unclear motions. For instance, the court suasponte granted custody to appellee in March and then entered anunc pro tunc entry granting custody to appellant in April.
On May 14, 1997, appellee filed a motion seeking custody of the children with supporting affidavits. That same day, the court granted custody to appellee and granted visitation to appellant "all until further order" of the court. The magistrate then released a decision which ordered the parties to abide by the court's order and stated that the custody issue will be set for hearing at a later date, thus properly implying that the present custody arrangement was temporary as it was accomplished without a hearing. This implication is confirmed by appellee's attorney who later stated on the record that the May 14, 1997 judgment entry concerned temporary custody and that a hearing would be held prior to awarding permanent custody. (See Tr. 3, 37, July 18, 1997 hearing on appellee's motion to modify appellant's visitation rights).
On September 28, 1998, appellant's newly retained attorney filed a motion to reconsider the May 14, 1997 custody order on the grounds that it was entered ex parte and that appellee misstated facts in his affidavit. A hearing was held before the magistrate in October 1998 where appellee argued that a motion for reconsideration is a legal nullity. Appellant submitted a post-trial memorandum stating that she should have filed a motion for relief from judgment under Civ.R. 60(B)(5) on the grounds of fraud upon the court. On December 28, 1998, the magistrate overruled appellant's motion for reconsideration. On January 12, 1999, appellant filed a Civ.R. 60(B)(5) motion for relief from the magistrate's December 28, 1998 decision.
On January 27, 1999, the trial court affirmed the magistrate's decision and refused to grant relief from said decision. Appellant filed timely notice of appeal with this court. Appellant also filed in the trial court a motion for relief from the court's January 27, 1999 judgment. The trial court stated that it lacked jurisdiction to rule on the motion for relief since an appeal was pending in this court.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant's brief sets forth three assignments of error, the first of which alleges:
 "THE MAGISTRATE OF THE JEFFERSON COUNTY JUVENILE COURT ERRED IN FINDING THERE WAS NO CONFLICT OF INTEREST OF APPEARANCE OF IMPROPRIETY BY DETERMINING THAT A CO-MAGISTRATE OF THE JEFFERSON COUNTY COMMON PLEAS COURT (DIVORCE DIVISION) COULD REPRESENT A CLIENT BEFORE HIM."
Appellant complains that appellee's attorney works part-time as a domestic relations magistrate and thus should not represent clients before a juvenile magistrate. Appellant proceeds to cite various canons of judicial conduct dealing with appearance of impropriety. The specific rule dealing with this situation prohibits a magistrate from practicing in the court on which that magistrate serves. Appellee points out that his attorney does not serve the juvenile court and thus may practice before it. See Board of Commrs. On Grievances Discipline Op. 87-036 (Sept. 25, 1987) (stating that a "part-time referee for a division of the court of common pleas may practice law in the other divisions of the court provided he does not practice before the judge or judges to whom the referee owes his appointment").
Regardless, appellant's argument is not properly before this court since the issue was not preserved during the proceedings below. That is, there is no cite to the record evidencing any objection to the magistrate concerning appellee's attorney for the very good reason that no objection exists. Nor does there exist an objection to the trial court on these grounds. Even after appellant appeared with counsel, the issue was not raised on the record, if at all. Accordingly, we shall not delve any further into the issue on appeal. See, e.g., Juv.R. 40(E)(3)(b);Shaughnessy v. Shaughnessy (Mar. 16, 1999), Mahoning App. No. 97CA141, unreported, 7; Patsey v. Patsey (Dec. 16, 1998), Columbiana App. No. 96CO52, unreported, 5. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of errors provides:
 "THE JUVENILE COURT JUDGE ERRED IN GRANTING LEGAL CUSTODY OF THE PARTIES' MINOR CHILDREN TO THE DEFENDANT IN AN EX PARTE ORDER, BEFORE A HEARING HELD TWO MONTHS LATER."
Under this assignment of error, appellant sets forth seven sentences, mostly complaining that appellee's affidavits filed in May 1997 contain misstatements. The path appellant took to get the issue here is troublesome. As aforementioned, appellant filed a motion to reconsider the May 14, 1997 order. Appellant later attempted to construe the motion as a Civ.R. 60(B) motion. After the magistrate denied the motion, appellant failed to file objections to the magistrate's decision. Instead, appellant filed a Civ.R. 60(B) motion to vacate the magistrate's decision.
The May 14, 1997 order of custody was entered without notice or a hearing. It stated that it is effective until further order of the court. Appellee's attorney concedes that a hearing is to be held in the future on the issue of permanent custody. This order can be construed as nothing but an interlocutory order granting temporary custody to appellee.
Although a motion to reconsider a final order is a nullity, one can seek reconsideration of an interlocutory order. See Pittsv. Dept. of Transp. (1981), 67 Ohio St.2d 378; State v.Brandenstein (Dec. 30, 1990), Belmont App. No. 98BA30, unreported. However, the denial of reconsideration need not be addressed on appeal as we are only concerned with reviewing the propriety of final judgments. Case law establishes that a temporary order allocating custody between parents is not a final judgment. See,e.g., State ex rel. Thompson v. Spon (1998), 83 Ohio St.3d 551,554; State ex rel. Wallacy v. Smith (1997), 78 Ohio St.3d 47,50-51; In re Devlin (1992), 78 Ohio App.3d 543. Cf. In re Murray
(1990), 52 Ohio St.3d 155 (stating that a temporary custody order is appealable when custody is given to an agency and the order is coupled with a finding of neglect and distinguishing the case from that of a temporary order which gives custody to a parent). It thus follows that if the order granting temporary custody to appellee was not final and appealable, then neither is the denial of the motion to reconsider the order.
Furthermore, a Civ.R. 60(B) motion pertains to vacation of a final judgment. Since the temporary order was not a final judgment, it is not susceptible to Civ.R. 60(B).[1] Moreover, the decision of the magistrate denying reconsideration was not a judgment from which the trial court could grant 60(B) relief. The proper method of contesting a magistrate's decision was through objections as contemplated by Juv.R. 40(E)(3)(b). This appellant failed to do.
Nonetheless, appellant is not without remedy. Her next course of action should involve filing a motion requesting that the trial court proceed with the evidentiary hearing that it repeatedly promised but never held on the issue of permanent custody. Appellant's attorney apparently overlooked this remedy due to his belief that the July 18, 1997 hearing was a formal hearing to confirm the change of custody. However, we refuse to construe that hearing as such. The court opened the hearing by stating that the parties were in court on a motion to modify visitation. (Tr. 3). It did not state that the parties were there on the issue of permanent custody. Later, the court assured appellant that visitation was the sole issue before the court that day. (Tr. 36). Appellee's attorney also assured appellant that she would get a further hearing on the issue of custody. (Tr. 37). The magistrate's decision after the hearing, and the trial court's adoption thereof, both deal with visitation and do not mention that permanent custody was ordered, heard or finalized. We also note that the file lacks a complaint by either parent which fits the requirements of Juv.R. 10(D) and (E), specifying that the parent's complaint for custody must state whether temporary or permanent custody is sought.
 ASSIGNMENT OF ERROR NUMBER THREE
Appellant's third assignment or error contends:
 "THE COURT SHOULD HAVE HEARD THE MOTION FOR RELIEF FROM JUDGMENT UNDER CIVIL RULE 60(B) EVEN THOUGH THE PLAINTIFF/APPELLANT HAD FILED HIS NOTICE OF APPEAL."
Appellant argues that the trial court incorrectly stated that it lacked jurisdiction to decide appellant's February 1, 1999 Civ.R. 60(B) motion where an appeal to this court was pending. First of all, this is an appeal from the trial court's January 27, 1999 judgment which denied a January 12, 1999 motion for relief from the magistrate's decision and affirmed the magistrate's refusal to reconsider the custody order. This is not an appeal from the trial court's February 5, 1999 statement regarding jurisdiction.
Secondly, and contrary to appellant's insistence, a trial court does not have jurisdiction to rule on a Civ.R. 60(B) motion where an appeal is pending unless the appellate court remands for the purpose of granting the trial court jurisdiction. Howard v.Catholic Social Services of Cuyahoga County (1994), 70 Ohio St.3d 141,147; McAuley v. Smith (June 14, 1999), Mahoning App. No. 97CA73, unreported, 4. Therefore, this assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
[1] Even if the custody order was final, it is improper to seek vacation one and one-half years after the order is entered based upon statements in an affidavit that could have been contested at the time they were made. Additionally, the allegation of fraud or misrepresentation by an adverse party under Civ.R. 60(B)(3) must be made not later than a year after the judgment. Other allegations which may fit under the Civ.R. 60(B)(5) catch-all provision must be raised within a reasonable time. See Tr. 77, Oct. 23, 1998 (where appellant's attorney admits to filing a motion for reconsideration rather than a Civ.R. 60(B) motion on the basis that the time passed for filing a timely 60(B) motion).