JOURNAL ENTRY AND OPINION
{¶ 1} Appellant C.M.[1] ("Mother") appeals from a decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, which granted temporary custody of her daughter ("S.M.") to appellee B.J., the child's paternal grandmother ("Grandmother") and appellee O.C.P., the child's father ("Father"). For the following reasons, we affirm.
 {¶ 2} C.M. and O.C.P. are the parents of S.M., born September 20, 1994. The couple never married. On September 29, 1997, paternity was established by the Superior Court of San Diego, California and the parties subsequently entered into a parenting agreement that named the mother as custodial parent with visitation rights for the father and grandmother. S.M. lived with her mother in Ohio while her father continued to live in California. The grandmother lived in Ohio as well.
 {¶ 3} Since March 1998, the mother, father, and grandmother have engaged in extensive litigation concerning the custody and visitation of S.M. The father and grandmother filed complaints with the Cuyahoga County Court of Common Pleas, Juvenile Division, to establish custody and visitation.[2] The father and grandmother also filed numerous motions to show cause for the alleged failure of the mother to provide visitation to them. On November 10, 1998, appellee, Steven E. Wolkin ("GAL"), was appointed Guardian ad litem for S.M.
 {¶ 4} On June 6, 2000, the matters were settled by an agreed judgment entry. However, two days later, the grandmother filed a motion to show cause alleging that the mother failed to provide visitation as required by the judgment entry. The GAL also filed a motion to show cause alleging that the mother failed to provide health insurance information as required by the judgment entry.
 {¶ 5} On June 22, 2000, another agreed judgment entry was entered addressing these issues and the GAL's fees. This entry found the mother to be in contempt for failing to provide visitation to the grandmother and provided for make-up visitation. The entry also provided that sentence would be imposed if the mother failed to comply.
 {¶ 6} On August 7, 2000, the GAL filed another motion to show cause alleging that the mother failed to pay his fees as required by the June 22, 2000 judgment entry. On September 18, 2000, the grandmother filed another motion to show cause regarding the mother's failure to provide visitation. On January 12, 2001, the father filed a motion to show cause regarding the mother's failure to provide visitation.
 {¶ 7} On February 16, 2001, the trial court issued an order finding the mother in contempt for failing to provide visitation to the grandmother and for failing to pay the GAL's fees. The father's show cause motion was not addressed. The court imposed a suspended sentence of 90 days and a suspended $1,500 fine on the condition that the mother comply with the order.
 {¶ 8} On February 28, 2001, the grandmother filed a motion to impose sentence on the contempt findings related to the mother's failure to provide her with visitation.
 {¶ 9} On June 17, 2002, the case was called for trial. The mother failed to appear and a capias was issued for her arrest. Based upon the mother's repeated failure to appear at the hearings, the court denied the mother's three pending motions to modify visitation for want of prosecution. The trial court also found the mother to be in contempt for failing to provide visitation to the father and grandmother and placed the child into the temporary custody of the father and grandmother. In a journal entry dated June 20, 2002, the trial court denied the mother's request for a continuance in order to obtain private counsel based upon her failure to cooperate with the three attorneys who had previously been appointed to represent her. The court imposed another suspended sentence of 30 days with a suspended $500 fine on the condition that the mother comply with the order. The court also ordered execution of the sentence imposed in the February 16, 2001 order because of the mother's failure to purge her contempt.
 {¶ 10} It is from several of these orders that the mother now appeals and raises six assignments of error for our review.
 {¶ 11} "I. The court erred and abused its discretion when it held the pro se defendant in contempt, imposed sentence, and ordered a purge order into effect upon a motion to impose sentence when the motions and underlining orders were never served upon the defendant and the content of the motions and orders were deficient as a matter of law, thus violating the defendant's right to due process as guaranteed by theFourteenth Amendment to the U.S. Constitution and Article One, Section Ten of the Ohio Constitution."
 {¶ 12} In the first assignment of error, the mother argues that the trial court lacked jurisdiction to proceed on the motions to show cause filed by the grandmother[3] and GAL[4] because she was not personally served with them. We disagree.
 {¶ 13} Pursuant to Civ.R.4(D), "service of summons may be waived in writing by any person entitled thereto under Rule 4.2 who is at least eighteen years of age and not under disability."
 {¶ 14} Here, the journal entry dated February 16, 2001 indicates that the mother was present with her attorney at the contempt hearing on January 18, 2001, and waived service of process on the motions to show cause which had been set for hearing. Accordingly, the trial court had jurisdiction to proceed on the motions to show cause and find the mother in contempt of the prior court orders.
 {¶ 15} Next, the mother argues that the trial court lacked jurisdiction to proceed on the motion to impose sentence filed on February 28, 2001 because she was not personally served with notice of the court's intent to do so. We disagree. The journal entry dated June 17, 2002 indicates that a Return of Service of Summons was filed on May 1, 2002 demonstrating that the mother had been personally served with notice of the court's intent to proceed on all pending motions, including the motion to impose sentence filed on February 28, 2001. Accordingly, the trial court had jurisdiction to proceed on the motion to impose sentence and to order the purge order into effect because the mother failed to comply with the prior court orders.
 {¶ 16} Assignment of Error I is overruled.
 {¶ 17} "II. The Juvenile Court erred and abused its discretion by denying appellant her right to counsel and her right to due process during the hearings on the motion to show cause and motion to impose sentence as guaranteed by the Sixth
and Fourteenth Amendment to the U.S. Constitution and Article One, Section Ten of the Ohio Constitution. Furthermore, the court erred by compelling appellant to testify against herself as the only evidence in support of its motion to impose sentence in violation of her rights as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution the trial court committed reversible error when it required the appellant to proceed with a criminal contempt hearing and motion to impose jail sentence without counsel and without obtaining a valid waiver of counsel in violation of the appellant's right to counsel and right to due process as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."
 {¶ 18} In the second assignment of error, the mother argues that the trial court abused its discretion and violated her constitutional right to counsel by failing to grant her a continuance in order to obtain private counsel. We disagree.
 {¶ 19} The decision to grant or deny a motion for continuance lies within the discretion of the trial court and will not be reversed on appeal unless the trial court has abused its discretion. Burton v. Burton (1999), 132 Ohio App.3d 473. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 20} Here, the record reflects that the mother did not file a written request for a continuance before the scheduled trial date. Rather, she made an oral request the day on which the trial was to proceed. The court denied the request on the following grounds:
 {¶ 21} "Before proceeding to trial, the mother requested a continuance for the purpose of securing private counsel. Upon inquiry of the mother, the Court finds that the mother had contacted private counsel approximately ten days ago and failed to secure such services. Upon review of the file, the Court finds that the mother heretofore had been appointed attorneys on three separate occasions with each of whom the mother failed to cooperate. The last such attorney was granted leave to withdraw June 17, 2002, when the mother failed to appear for trial and failed to cooperate with said attorney since his appointment on February 25, 2002. The Court deems the behavior of the [mother] to constitute a knowing and voluntary waiver of her rights to counsel and, therefore, denies her request for a continuance." (See Journal Entry dated June 20, 2002).
 {¶ 22} We do not find that the trial court acted unreasonably, unconscionably or arbitrarily in denying the mother's day-of-trial oral motion to continue in order to obtain new counsel. The denial of a motion for a continuance made on the same day of the trial when a previous continuance had been granted to the defendant is not an abuse of discretion. State v.McMillen (1996), 113 Ohio App.3d 137, 140. Here, the matter had been continued on a number of occasions due to the mother's failure to appear and cooperate with her attorneys.
 {¶ 23} In addition, we do not find that the trial court acted unreasonably, unconscionably or arbitrarily in finding that the mother has waived her right to counsel. A defendant may waive her right to appointed counsel by her conduct. State v. Ebersole
(1995), 107 Ohio App.3d 288, 293. To determine whether a waiver has occurred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the defendant. State v. Hook (1986),33 Ohio App.3d 101, 103. Here, the court noted the mother's failure to cooperate with three different attorneys and her failure to obtain private counsel prior to the hearing despite having ten days to do so. The record also reflects that the mother was warned that her failure to cooperate with her third appointed attorney was going to be deemed a knowing and voluntary waiver and that no further continuances were going to be granted.
 {¶ 24} Assignment of Error II is overruled.
 {¶ 25} "III. Judge Ramsey lacked subject matter jurisdiction to issue and or consider any pending motions until his assignment of March 14, 2002 and as such all motions filed and/or orders issued prior to that date were void in ab initio.
 {¶ 26} "Judge Ramsey erred and abused his discretion in issuing a capias for the arrest of [mother] and her minor child based upon her non compliance with void orders that were not properly served."
 {¶ 27} In the third assignment of error, the mother argues that the trial court had no authority to issue any rulings prior to March 14, 2002, when the visiting judge was appointed. However, since the mother is appealing the June 20, 2002 order which (1) awarded temporary custody to the father and grandmother and (2) found that she had failed to comply with the purge conditions of the February 16, 2001 order, this assignment of error is moot.
 {¶ 28} Assignment of Error III is overruled.
 {¶ 29} "IV. The Juvenile Court erred and abused its discretion by granting custody to the paternal grandmother and the father when no motion was pending for that relief and the record is void of any evidence that the modification is in the child's best interest as well as the requirements of 3109 et sec [sic] and the court further erred by basing the court's decision upon the court's perception of [mother's] non compliance with orders that were improperly noticed, not served or void.
 {¶ 30} In this assignment of error, the mother argues that the trial court erred in awarding temporary custody to the father and grandmother because there was no motion pending and no finding of suitability was determined. We are without jurisdiction to address this issue. An order awarding temporary custody which does not make an adjudication on dependency or neglect is an interlocutory order that is subject to modification upon a later dispositional hearing. See Juv.R. 13; Juv.R. 29; Inre Murray (1990), 52 Ohio St.3d 155; Morrison v. Morrison
(1973), 45 Ohio App.2d 299. As such, it is not a final appealable order. Id. See, also, Brooks v. Brooks (1996),117 Ohio App.3d 19, 22; In re Devlin (1992), 78 Ohio App.3d 543, 544; In rePapay Children (Nov. 4, 1982), Richfield App. No. CA-2042.
 {¶ 31} Here, the journal entry of June 20, 2002 awarded temporary custody to the father and grandmother "until further order of this Court." The matter was continued until October 24, 2002 for "further proceedings upon the issue of custody." A temporary custody order such as this is not a final appealable order. Id.
 {¶ 32} Assignment of Error IV is dismissed for lack of jurisdiction.
 {¶ 33} "V. The child was denied right to counsel and due process when there was substantial evidence in the record she wished to remain with her mother in violation of the wishes of the GAL the court forcefully removed her from her mother without appointing counsel."
 {¶ 34} In this assignment of error, the mother argues that the trial court erred in awarding temporary custody to the father and grandmother without providing the minor child with an attorney to ascertain her wishes. We disagree.
 {¶ 35} First, since the temporary custody order is an interlocutory order subject to later modification, the minor child still has the opportunity to express her wishes as to her eventual placement. Second, although Juv.R. 4(A) and R.C.2151.351 provide for the appointment of counsel for a child in a juvenile proceeding, the record reflects that the mother, although informed of this right, failed to request counsel for the minor child until August 6, 2002. Where a mother is notified of her rights, but fails to pursue them, she has not been denied her statutory right to counsel. In re Ramsey Children (1995),102 Ohio App.3d 168, 169-70. Finally, the record reflects that the child is currently represented by counsel.
 {¶ 36} Assignment of Error V is overruled.
 {¶ 37} "VI. The court erred and abused its discretion when it dismissed all of the motions filed by the mother based upon her non appearance without notifying her in advance of its intention to do so in violation of her right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article One Section Ten of the Ohio Constitution."
 {¶ 38} In her sixth and final assignment of error, the mother argues that the trial court erred in dismissing three of her pending motions[5] for failure to prosecute without giving her notice of its intent to do so under Civ.R. 41(B). We disagree.
 {¶ 39} Civ.R. 41(B) permits a trial court to dismiss an action or claim for a party's failure to comply with any court order after proper notice to the party. Civ.R. 41(B), by its very terms, applies only to the dismissal of an action or claim, not to the denial of a motion for want of prosecution. (Emphasis added). Here, the court stated that the mother's motions were being dismissed because she consistently failed to appear for hearings despite numerous warnings that no further continuances were going to be granted. The record supports this determination. Accordingly, we do not find that the trial court erred in dismissing the mother's three pending motions for her failure to prosecute.
 {¶ 40} Assignment of Error VI is overruled.
 {¶ 41} The judgment is affirmed.
Judgment affirmed.
Blackmon, P.J., and Rocco, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.
[2] Complaint for custody/visitation filed by father on March 13, 1998 and complaint to establish visitation filed by grandmother on March 25, 1998.
[3] See motions to show cause filed on June 8, 2000 and September 18, 2000.
[4] See motion to show cause filed on August 7, 2000.
[5] Motion to modify in-state and out-of-state visitation schedule filed on January 5, 2001; motion to stay/modify visitation pending an in-camera interview with minor child filed April 16, 2001; and motion to modify summer visitation filed July 13, 2001.