OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Johanna Ware appeals the December 7, 2007 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division, to modify the temporary orders of the court.
 STATEMENT OF THE CASE AND THE FACTS {¶ 2} Appellant filed a complaint for divorce against Defendant-Appellee, Steven A. Ware on June 12, 2007. Appellant also filed a motion for temporary orders on June 12, 2007. Pursuant to a magistrate's order on July 27, 2007, the magistrate ordered Appellee to maintain all debts and expenses of the marital residence located at 13131 Lexington Road, Alliance, Ohio 44601.
 {¶ 3} The parties later appeared before the trial court for a pretrial at which the issues of spousal support, child support and division of assets/allocations of debts were discussed. In the trial court's judgment entry issued December 7, 2007, the trial court found that neither party could afford the marital residence and they wished to litigate personal goods. The trial court then ordered that the temporary orders of the court were to be modified as follows:
 {¶ 4} "The marital real estate and all contents shall be immediately sold at public auction by Kiko Auction and Realty. The closing shall occur on or before March 1, 2008. In the event of a short sale, the court will order disbursement of the 401(k) funds to complete the sale. All parties/counsel shall cooperate with Kiko to effect this sale. The parties may exempt items of personal property if submitted on an agreed list submitted by both counsel to the court on or before December 24, 2007."
 {¶ 5} The trial court set the trial on Appellant's complaint for March 20, 2008. *Page 3 
 {¶ 6} On January 4, 2008, Appellant filed her notice of appeal of the trial court's December 7, 2007 judgment entry.
 {¶ 7} Appellant raises one Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING ALL PROPERTY TO BE SOLD WITHOUT CONSIDERATION OF ITS STATUS AS MARITAL OR NON-MARITAL PROPERTY AND WITHOUT TAKING INTO CONSIDERATION THE DEBT OF THE PARTIES."
 I. {¶ 9} Before reaching the merits of this matter, we must first determine whether this Court has jurisdiction to consider the appeal. The December 7, 2007 judgment entry from which Appellant appeals ordered the parties to sell the marital home and all its contents.
 {¶ 10} We find the December 7, 2007 judgment entry is a temporary order. A temporary order is interlocutory in nature. Because such orders are subject to modification by the trial court, interlocutory orders are not immediately appealable. Brooks v. Brooks (1996), 117 Ohio App.3d 19,689 N.E.2d 987. As such, we find the trial court's December 7, 2007 judgment entry is not a final, appealable order and this Court does not have jurisdiction to review the same. *Page 4 
 {¶ 11} Accordingly, the appeal of the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is dismissed.
 Delaney, J., Hoffman, P.J. and Edwards, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is dismissed. Costs assessed to appellant. *Page 1