[Cite as *Meier v. Brian Meier*, 2017-Ohio-1109.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STACY MEIER NKA MITCHELL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-42 |
| BRIAN MEIER | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court
of Common Pleas, Domestic Relations
Division, Case No. 2013 DR 00096

JUDGMENT:                                   Dismissed

DATE OF JUDGMENT ENTRY:        March 27, 2017

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

JAMIE  MANNING                          HOLLY REGOLI
65 S. Parsons Avenue, Ste. C          433 East Main Street
Columbus, OH 43205                     Lancaster, OH 43130

*Gwin, P.J.*

**{¶1}** Appellant appeals the October 7, 2016 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, denying appellant's motion to set aside magistrate's order.

*Facts & Procedural History*

**{¶2}** Appellant Stacy Meier filed a complaint for divorce from appellee Brian Meier in March of 2013. The parties have one minor child who was born on September 7, 2007. In May of 2013, the trial court issued a decree of divorce. Also in May of 2013, the parties filed an agreed shared parenting plan.

**{¶3}** On April 11, 2016, appellee filed a motion to modify the allocation of parental rights and requested he be named the legal custodian and residential parent of the minor child. On April 18, 2016, appellee filed a motion for emergency custody of the minor child. On the same day, the magistrate granted appellee's motion for emergency custody, granted temporary custody of the child to appellee, and set the motion for emergency custody for a full hearing. The magistrate conducted a full hearing on appellee's motion. Additionally, the parties entered into an agreed entry on parenting time.

**{¶4}** The magistrate issued an order on July 25, 2016, finding the ex parte emergency temporary custody order should be continued and stating that custody of the minor child should remain with appellee. Also in July of 2016, appellant filed a motion to reallocate parental rights and responsibilities. Appellant requested the trial court terminate the shared parenting order and designate her as the child's residential parent and legal custodian.

**{¶5}**   On August 4, 2016, appellant filed a motion to set aside the July 25th magistrate's order.  The trial court issued a judgment entry on October 7, 2016 denying appellant's motion to set aside.   The trial court found there was no error in the determination of the facts and the application of the law by the magistrate.  On August 26, 2016, the trial court ordered psychological evaluations of appellant and appellee at the request of the guardian ad litem.  Further, the trial court set the parties' motions to reallocate parental rights and responsibilities for a bench trial on March 27, 2017.  Prior to the trial, appellant filed an appeal of the October 7, 2016 judgment entry.

**{¶6}**   Appellant appeals the October 7, 2016 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

**{¶7}**   "I. THE TRIAL COURT ERRED WHEN IT FOUND NO ERROR IN THE DETERMINATION OF FACTS AND THE APPLICATION OF THE LAW, TO GRANT TEMPORARY CUSTODY, PURSUANT TO AN EMERGENCY CUSTODY ORDER."

I.

**{¶8}**   Appellant argues the trial court erred in denying her motion to vacate the magistrate's order.  Appellee contends the order at issue is not a final appealable order.

**{¶9}**   Thus, as a preliminary matter, we must determine whether the order under review is a final, appealable order.  If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it.  See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989).

**{¶10}** Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments.  See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C.

2505.02. To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2502.02(B) provides the following, in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, without or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. * * *

{¶11}    A "substantial right" for purposes of R.C. 2905.02 is a legal right entitled to enforcement and protection by law. *State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 619 N.E.2d 412 (1993). Generally, the question of whether an order is final and appealable turns on the effect the order has on the pending action, rather than the name attached to it, or its general nature. *In re: Murray*, 52 Ohio St.3d 157, 556 N.E.2d 1169 (1990).

{¶12} An "order which affects a substantial right has also been interpreted to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *State v. Shaffer*, 8th Dist. Cuyahoga No. 87552, 2006-Ohio-5563, *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 616 N.E.2d 181 (1993). To establish an order affects a substantial right, the appellant must establish that, in the absence of immediate review of the order, he or she will be denied effective relief in the future. *Id.*

{¶13} In the case cited by appellant in her reply brief, *Bromberg v. Carter*, 5th Dist. Fairfield No. 15-CA-61, 2016-Ohio-2966, neither party argued the order at issue in the

case was not final and appealable so this Court did not address that issue.  Further, unlike in the instant case, there was no court order in place regarding custody in that case.

**{¶14}**  In this case, the parties had a shared parenting agreement in place and both parties filed motions to reallocate parental rights and responsibilities.  The trial court ordered psychological evaluations of both parties and scheduled a three-day trial to address both parties' motions to reallocate.  The bench trial has not yet been conducted. As this Court stated in *Fritz v. Burch*, 5th Dist. Stark No. 2008CA00286, 2009-Ohio-4004, "[t]emporary * * * child custody orders have been held not final appealable because of their interlocutory nature."  *Id.,* citing *Williams v. Williams*, 11th Dist. Trumbull No. 2002-T-0101, 2004-Ohio-3992.

**{¶15}**  Here, appellant does not establish that, in the absence of immediate review of the order, she will be denied effective relief in the future, as her motion to reallocate is set for trial and remains pending before the trial court.  By its own terms, the order continuing the ex parte emergency temporary custody order is temporary.  "A temporary order is interlocutory in nature.  Because such orders are subject to modification by the trial court, interlocutory orders are not immediately appealable."  *Fritz v. Burch*, 5th Dist. Stark No. 2008CA00286, 2009-Ohio-4004, citing *Brooks v. Brooks*, 117 Ohio App.3d 19, 689 N.E.2d 987 (10th Dist. 1996).

{¶16}    Therefore, we find the trial court's October 7, 2016 order is not final and appealable.  This Court lacks jurisdiction to address appellant's assignment of error. Accordingly, the appeal is dismissed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur