[Cite as *Vaughn Industries, L.L.C. v. LG Electronics, Inc.*, 2021-Ohio-1253.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| VAUGHN INDUSTRIES, LLC, ET AL. | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Defendants/Third-Party Plaintiffs | : | | Hon. Craig R. Baldwin, J. |
| Appellant | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| LG ELECTRONICS, INC. | : | | Case No. 2019 CA 0113 |
| | : | | |
| Third-Party Defendant-Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Court of Common
Pleas, Case No. 18-CV-686

JUDGMENT:   Dismissed

DATE OF JUDGMENT:   April 12, 2021

APPEARANCES:

For Plaintiff-Appellant

DAVID W. ORLANDINI
655 Metro Place South, Suite 200
Dublin, OH  43017

DAVID G. UTLEY
520 South Main Street Suite 2551
Akron, OH  44311-1077

DAVID T. ANDREWS
3161 Neille Lane

For Defendant-Appellee

PAUL SCHUMACHER
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, OH  44114

RICHARD J. SILK, JR.
250 Civic Center Drive, Suite 280
Columbus, OH  43215

Twinsburg, OH 44087
*Wise, Earle, J.*

{¶ 1}   Appellants, Defendants/Third-Party Plaintiffs Vaughn Industries, LLC, et al (Vaughn) appeal the judgment of the Richland County Court of Common Pleas granting Appellee Third-Party Defendant LG Electronics U.S.A., Inc. (LG Electronics) motion to dismiss Vaughn's third-party complaint against LG. For the reasons that follow, we agree and dismiss Vaughn's appeal.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties agree upon the facts leading up to the trial court's dismissal of Vaughn's third-party complaint against LG Electronics as outlined below.

{¶ 3}   This matter involves a construction dispute between several parties. Plaintiffs are the Ohio Facilities Construction Commission and the Pioneer Career and Technology Center Board of Education ("OFCC" and "Pioneer" or collectively, "Plaintiffs"). OFCC is an agency of the State of Ohio formed by the general assembly to facilitate construction and reconstruction of educational buildings. Pioneer is an Ohio political subdivision which partnered with the OFCC to fund the local share of school building projects within the district.

{¶ 4}   In May 2010, the State of Ohio through Pioneer entered into a contract with Vaughn to serve as the heating, ventilation, and air conditioning system ("HVAC") contractor for the building of the Pioneer Career and Technology Center in Shelby, Ohio ("The Project"). Ohio Farmers Insurance Company acted as surety for the Vaughn HVAC contract. As part of The Project, Vaughn contracted with Stoermer-Anderson to supply the HVAC system. Stoermer-Anderson then contracted with LG Electronics to

manufacture and supply the specified HVAC system. Stroemer-Anderson then purchased the HVAC system from LG Electronics.

{¶ 5} On October 2, 2018, Plaintiffs filed a complaint against Vaughn and Ohio Farmers Insurance. The complaint alleged Vaughn failed to perform and otherwise breached certain terms under its contract, breached express warranties, failed to correct defective materials and installations, failed to perform in a workmanlike manner, and/or otherwise failed to comply with the requirements of the contract documents. Included as part of the complaint was a claim for replacement of defective parts of the HVAC system manufactured by LG Electronics. OFCC and Pioneer sought damages for the replacement of the HVAC system and other consequential damages.

{¶ 6} On December 4, 2018, Vaugn answered the complaint and additionally filed a third-party complaint against LG Electronics.

{¶ 7} On January 4, 2019, LG Electronics moved to dismiss Vaughn's third-party complaint pursuant to Civ.R. 12(B)(6), arguing the HVAC system was not a product under the Ohio Products Liability Act (OPLA). LG Electronics additionally moved to dismiss Vaughn's claims for indemnification arguing the economic loss doctrine barred such a claim.

{¶ 8} On February 13, 2019, Vaughn filed an Amended Third-Party Complaint against Third-Party Defendants LG Electronics and Stoermer-Anderson.

{¶ 9} On March 1, 2019, LG Electronics renewed its motion to dismiss all third-party claims against it including Vaughn's OPLA claim. Vaughn filed a memorandum in opposition on March 11, 2019, and LG Electronics filed a reply on August 7, 2019.

{¶ 10} On October 31, 2019, the trial court granted LG Electronics' motion to dismiss Vaughn's amended complaint finding the HVAC system was a fixture and not a product as defined by OPLA, and that therefore Vaughn could prove no set of facts warranting relief under OPLA. The trial court further found no direct privity of contract between Vaughn and LG Electronics and therefore dismissed Vaughn's indemnification and contribution claims as barred by the Economic Loss Doctrine.

{¶ 11} Vaughn filed an appeal. On December 12, 2019, LG Electronics filed a motion to dismiss Vaughn's appeal for lack of a final appealable order. Vaughn filed a reply on December 23, 2019. Both parties filed briefs and the matter is now before this court for consideration. Before we address Vaughn's assignments of error, however, we must first determine whether the matter is before us via a final appealable order.

FINAL APPEALABLE ORDER ANALYSIS

{¶ 12} When determining whether a judgment or order is final and appealable, an appellate court must first determine whether the order is final within the requirements of R.C. 2505.02. Then, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989). " 'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.' " *Id.*, quoting *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255, 44 N.E.2d 1068 (9th Dist.1981).

{¶ 13} R.C. 2505.02(B) lists orders that are final and may be reviewed upon appeal. Here the germane section is (B)(1):

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

* * *

{¶ 14} Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim," or when the action involves multiple parties, "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." "Thus, in multiple-claim or multiple-party actions, if the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *In re Estate of L.P.B.*, 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 9. While inserting the language of "no just reason for delay" in an entry is not a "mystical incantation which transforms a nonfinal order into a final appealable order," the language can "transform a final order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617 N.E.2d 1136 (1993), citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989).

{¶ 15} Vaughn argues the decision on appeal is final because it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(A)(1) defines a "substantial right" as one "that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "An order which affects a substantial

right * * * [is] one which, if not immediately appealable, would foreclose appropriate relief in the future." (Citations omitted.) *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶ 16} Vaughn argues the trial court's order effectively precludes it from obtaining a judgment against LG and therefore, the trial court's order determined the action and prevents a judgment between it and LG. In support of its argument, Vaughn cites *Dywidag Sys. Internatl., USA, Inc. v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 10AP-270, 2010-Ohio-3211. But *Dywidag* is factually distinguishable.

{¶ 17} In *Dywidag,* DSI filed a third-party complaint against Insteel asserting claims for declaratory judgment, indemnity/contribution (which included a duty to defend), breach of contract, breach of good faith, unjust enrichment, and breaches of express and implied warranties. *Id.* at ¶ 4. The trial court subsequently granted summary judgment in favor of Insteel on certain claims and dismissed others under Civ.R. 12(B)(6) thereby dismissing DSI's third-party complaint in its entirety. *Id.* at ¶ 5. The court of claims thereafter incorporated Civ.R. 54(B) language into its decision and DSI appealed only the claims at issue in its third-party complaint against Insteel. *Id.* at ¶ 6. Insteel moved to dismiss the appeal arguing the court of appeals lacked subject matter jurisdiction because indemnity claims are not appropriate for Civ.R. 54(B) certification. *Id.* at ¶ 7.

{¶ 18} In denying Insteel's motion to dismiss the appeal, the *Dywidag* court referenced the Ohio Supreme Court's decision in *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* where the Court concluded the duty to defend involved a "substantial right." *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at paragraph one of the syllabus, 540 N.E.2d 266. The *Dywidag* court also referenced our decision in *Kallaus v. Allen*, 5th Dist. Licking No. 09-CA-0002,

2009-Ohio-6339. In *Kallaus*, this Court dismissed an appeal for lack of jurisdiction concluding, "[w]here the duty to defend is not involved, we find whether the declaration is one finding coverage or not finding coverage does not change the analysis where the damages are still unresolved." (Emphasis added.) *Id*. at ¶ 11. Because DSI's third-party complaint also alleged a duty to defend against Insteel, which is a "substantial right," the court denied Insteel's Motion to Dismiss. Id. at ¶¶ 18, 34.

{¶ 19} *Dywidag* and *Kallaus* also referenced the Ohio Supreme Court's decision in *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, wherein the Court found that a party entitled to insurance coverage without addressing the issue of damages did not affect a substantial right, despite the trial court's inclusion of Civ.R. 54(B) language. Id. at ¶ 26.The *Walburn* court distinguished its decision from *Gen. Acc. Ins. Co.* on the basis that *Walburn* involved a declaration of coverage, but did not involve a duty to defend, and a declaration an insured is entitled to coverage that does not address damages does not affect a substantial right as defined in R.C. 2505.02(A)(1). See *Kallaus* at ¶ 10.

{¶ 20} Here, Vaughn did not assert a claim in its third-party complaint that LG has a duty to defend it. It also makes no such allegation in its indemnity/contribution claim. Because Vaughn is not requesting that LG defend it in the present litigation, we conclude the trial court's dismissal of Vaughn's claim for indemnification/contribution did not result in a final order. See *Nationwide Mut. Fire Ins. Co. v. M.B. Roofing Sys., Inc.*, 10th Dist. Franklin No. 12AP-44, 2012-Ohio-6195, where the trial court granted summary judgment in favor of a defendant on a cross-claim for indemnity or contribution while the issue of liability on the main claim remained unresolved. *Id*. at ¶11. The court of appeals ultimately

concluded it lacked jurisdiction over the appeal because appellant would not be denied effective relief if the summary judgment decision was not subject to immediate review since appellant could seek review of the summary judgment order as part of any appeal from a final judgment on the main claim. *Id.*

{¶ 21} Therefore, having concluded the indemnification/contribution claim is not a final order because it does not affect a substantial right and damages have not been determined, there is no need to analyze the second prong regarding whether the trial court's inclusion of Civ.R. 54(B) language makes this an appealable order.

{¶ 22} We next address Vaughn's OPLA claim. "Generally, the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature." *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). Here, the OPLA claim satisfies the definition of a "substantial right" because it involves the enforcement of product liability statutory rights, R.C. 2307.71 et seq., which were also previously recognized at common law. *McAuliffe v. W. States Import Co., Inc.*, 72 Ohio St.3d 534, 538, 651 N.E.2d 957 (1995). Having found the OPLA claim satisfies the definition of a "substantial right," we must next determine whether the trial court's dismissal of the OPLA claim affects a substantial right. "[A]n order affects a substantial right only if an immediate appeal is necessary to protect the interests of the appealing party." *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 23.

{¶ 23} This Court explained in *Meier v. Meier,* 5th Dist. Fairfield No. 16-CA-42, 2017-Ohio-1109, ¶ 12:

An "order which affects a substantial right has also been interpreted to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *State v. Shaffer*, 8th Dist. Cuyahoga No. 87552, 2006-Ohio-5563, *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 616 N.E.2d 181 (1993). To establish an order affects a substantial right, the appellant must establish that, in the absence of immediate review of the order, he or she will be denied effective relief in the future. *Id.*

{¶ 24} Here, an immediate appeal is not necessary to protect Vaughn's right to assert an OPLA claim against LG in the future. Rather, Vaughn's right to recover against LG on its OPLA claim is contingent on OFCC first recovering against Vaughn. If OFCC proves its claims against Vaughn and recovers damages, Vaughn could thereafter appeal the trial court's decision dismissing its OPLA claim against LG. However, if OFCC fails to prove its claims against Vaughn then Vaughn's OPLA claim against LG is moot. Thus, Vaughn's OPLA claim against LG remains viable in the future absent an immediate appeal because even though Vaughn's OPLA claim is a substantial right, the trial court's decision dismissing this claim did not affect this substantial right. Having concluded the trial court's dismissal of Vaughn's OPLA claim did not affect a substantial right, as with the indemnity/contribution claim, we will not address the effect of the trial court's inclusion of Civ.R. 54(B) language as applied to the OPLA claim.

{¶ 25} For these reasons, the judgment entry appealed from is not a final appealable order and we are without jurisdiction to address Vaughn's appeal. We therefore grant LG's Motion to Dismiss Appeal.


By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.


EEW/